# 95 DTA 18

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

CARMEN CRISTINA ORTIZ RODRIGUEZ
Apelante

v.

RICARDO CARABALLO RIVERA
Apelado

Núm. KLMC-95-00001

San Juan, Puerto Rico, a 7 de marzo de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante en el caso de epígrafe interesa la revocación de una sentencia emitida el 12 de enero de 1995 por el Tribunal de Distrito, Sala de San Juan, la que fue archivada en autos el 24 de enero de 1995. Mediante ésta se dispuso la desestimación de la demanda instada por la aquí apelante por razón de que había expirado el término de seis (6) meses dispuesto en la Regla 4.3(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, para diligenciar el emplazamiento que había sido expedido el 13 de septiembre de 1994.

Notificada como fue dicha sentencia la apelante presentó en tiempo oportuno una moción de reconsideración fundamentada en que a la fecha en que emitió la misma tan sólo habían

transcurrido cuatro (4) meses desde la expedición del referido emplazamiento, razón por la cual resultaba improcedente ordenar el archivo con perjuicio a base de lo dispuesto en la Regla 4.3(b). También indicó las razones por las cuales no se había diligenciado el emplazamiento, exponiendo que *"la demandante ha confrontado problemas en (sic) obtener la dirección del demandado por éste haber cerrado operaciones en las facilidades físicas conocidas por la demandante".*

Inexplicablemente y aún cuando resultaba evidente la improcedencia del archivo con perjuicio ordenado a base del fundamento esgrimido por el tribunal de instancia, éste dejó de considerar la moción de reconsideración presentada por la apelante. Quedó así rechazado de plano por inacción█ procediendo entonces la apelante a interponer en tiempo oportuno el recurso que nos ocupa. En el mismo imputa como fundamento de revocación que el tribunal incidió al ordenar el archivo de la demanda instada cuando aún no había transcurrido el término de seis (6) meses dispuesto en la Regla 4.3(b) para diligenciar el emplazamiento.

Resolvemos que el error imputado se cometió y que resulta procedente la revocación de la sentencia apelada. La Regla 4.3(b) de las de Procedimiento Civil dispone, en lo que aquí resulta pertinente, que

*"[e]l emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio".* 32 L.P.R.A. Ap. III R. 4.3.

Interpretando el alcance de la antes citada disposición procesal, el Tribunal Supremo ha expresado que *"[s]u texto refleja que los tribunales están facultados discrecionalmente para prorrogar el término de seis (6) meses prescrito para diligenciar el emplazamiento. La premisa inarticulada en que se apuntala esta norma es que de ordinario el período de seis (6) meses es razonablemente suficiente para que el promovente de una accion civil pueda diligenciar los emplazamientos expedidos." Ortolaza v. F.S.E.,* 116 D.P.R. 700, 702-703 (1985). A su vez y armonizando dicha Regla 4.3(b) con lo dispuesto en la Regla 68.2 de Procedimiento Civil, disposición que afirma la facultad general de los tribunales para, en el uso de su discreción y por justa causa, ampliar o reducir un plazo, expresó el Tribunal Supremo que éstas *"dejan sentado con gran claridad la ingerencia (sic) decisiva de la discreción judicial", Banco Metropolitano v. Berríos,* 110 D.P.R. 721, 723 (1981), y que *"en consideración a la drástica sanción de desistimiento con perjuicio contemplada en la Regla 4.3(b) [...] como norma general y en casos ordinarios [...] dicho término no puede ser disminuido." Ortolaza v. F.S.E., supra,* a las págs. 703-704█ Por ello, en todo caso en que el tribunal, en el ejercicio de su discreción, entienda que debe acortarse el término de seis (6) meses dispuesto, tal determinación debe ser debidamente notificada a las partes y cualquier orden de archivo tiene que estar precedida de un *"apercibimiento previo, con espíritu judicial flexible, [para] darle la oportunidad posteriormente [al demandante] de demostrar que procede dejarse sin efecto [la] sentencia." Pietri González v. Tribunal Superior,* 117 D.P.R. 638, 640 (1986).

## II

Dirigiendo nuestra atención al trámite procesal habido en el caso que nos ocupa, surge con meridiana claridad que el tribunal de instancia erró al decretar el archivo con perjuicio de la querella instada. Basta un ejercicio matemático para determinar que a la fecha en que el tribunal emitió su sentencia no había transcurrido el término de seis (6) meses dispuesto por la Regla 4.3(b) para diligenciar los emplazamientos█ Tampoco había dispuesto previamente el tribunal la reducción de dicho término ni la apelante fue notificada de determinación

alguna a tales efectos. Procede en consecuencia emitir sentencia revocatoria de la apelada.

### III

Por los fundamentos expuestos se dicta sentencia revocatoria de la apelada y se devuelve el caso al tribunal de instancia para la continuación de los procedimientos.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 18

**1.** La Regla 47 de las de Procedimiento Civil dispone, en lo que resulta aquí pertinente, que *"[s]i el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."* 32 L.P.R.A. Ap. III R. 47.

**2.** La Regla 68.2 de Procedimiento Civil dispone lo siguiente:

*"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o cuando por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o se acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.8, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas."*

**3.** Expedidos los emplazamientos el 13 de septiembre de 1994, obvio resulta que a la fecha en que el tribunal apelado dictó la sentencia apelada, 12 de enero de 1995, habían transcurrido sólo cuatro (4) meses.