Fiol Matta, Juez Ponente
*1204 TEXTO COMPLETO DE LA SENTENCIA
El codemandado peticionario, Edwin González Delbrey, solicita la revocación de üna resolución dé'l Tribunal de Primera Instancia que deniega su moción de desestimación por falta de jurisdicción sobre la persona. Dicha resolución fue dictada el 16 de mayo y notificada el 26 de mayo de 1995. Se presentó petición de certiorari oportunamente el 21 de junio de 1995 y se elevaron los autos originales el 29 de septiembre de 1995.
La moción de desestimación denegada por el tribunal de instancia se fundamentó en que el emplazamiento del señor González Delbrey no fue diligenciado según dispone la Regla 4.4 de las de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 4.4, porque la persona que llevó a cabo el diligenciamiento no hizo constar al dorso de éste, sobre su firma, la fecha y el lugar de la entrega y el nombre de la persona a quien se hizo la misma. Al presentarse esta moción, el demandante solicitó la expedición de nuevos emplazamientos, lo cual autorizó el Tribunal el 2 de diciembre de 1994, expidiéndose éstos el 8 de dicho mes.
Alega el co-demandado que el juez de instancia no cumplió con la Regla 4.3 de las de Procedimiento Civil (32 L.P.R.A., Ap. Ill, R. 4.3) al expedir los nuevos emplazamientos. Argumenta que dicha regla dispone que una vez transcurre el término de seis meses a partir de la fecha en que se expide el emplazamiento sin que éste se diligencie, "se tendrá a la parte actora por desistida, sin perjuicio” y que el tribunal puede prorrogar el término, tan sólo si se demuestra "justa causa", siempre que se haya solicitado la extensión "dentro del término original". A su entender, no sólo se presentó la solicitud de nuevos emplazamientos luego de expirado el término de seis meses, sino que no se demostró justa causa para su expedición, en tanto en cuanto el demandante se limitó a exponer "que por error cometido por la persona que llevo [sic] a cabo el diligenciamiento del emplazamiento no se llenó la parte de atrás de dicho emplazamiento".
Examinados los autos y el derecho aplicable, comprobamos que no le asiste la razón al peticionario.
La Regla 4.3 de las de Procedimiento Civil no puede aplicarse de forma aislada del contexto y propósito de la normativa procesal. En particular, hay que interpretarla en conjunto con la Regla 68.2 que dispone:

"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas."

Ambas reglas fueron interpretadas de forma armónica en Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981), concluyendo el Tribunal que la decisión de no imponer la sanción de desestimación con perjuicio es suficiente señal de que el tribunal de instancia encontró justa causa para darle al demandante la oportunidad de completar el diligenciamiento del emplazamiento. Expresa el Tribunal Supremo:
*1205 "La determinación por el tribunal de justa causa para prorrogar el término del emplazamiento, en ausencia de abuso de discreción, debe deducirse de su negativa a imponer la sanción de desestimiento con perjuicio. El más poderoso instrumento para hacer justicia reservado a los jueces es la discreción. La equidad nació precisamente de la necesidad de atemperar el rigor de la norma mediante recurso a la conciencia del juzgador. La sanción de desistimiento con perjuicio ordenada en la Regla 4.3(b) para la falta de diligencia del emplazamiento está predicada sobre la discreción del tribunal en la estimación de justa causa. La expiración del término de seis meses no tiene efecto de caducidad de la citación, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal." Banco Metropolitano v. Berrios, supra, a las páginas 724-25.
Véase, además, lo decidido por este Tribunal en Empresas Naranjo v. D.C.A. Mechanical Contractors, Inc., Núm. KLCE-95-00025, 21 de abril de 1995, Circuito Regional I; Ortiz v. Caraballo Rivera, 95 DTA 18, Núm. KLME-95-0001, 7 de marzo de 1995, Circuito Regional I; Osuna Sánchez v. Airport Shoppes' Inc., Núm. KLCE-95-0267, 22 de mayo de 1995 y 9 de agosto de 1995 (en reconsideración), Circuito Regional II.
Ciertamente, el promovente de una solicitud de prórroga para diligenciar el emplazamiento viene obligado a justificar, con referencia a hechos y circunstancias específicas el motivo por el cual dejó transcurrir el término de seis meses provisto para el diligenciamiento de los emplazamientos por la Regla 4.3 de Procedimiento Civil y la razón que constituye justa causa para ampliar el término ya vencido. Sin embargo, la alegación o justificación expuesta por el promovente no es lo que determina la decisión judicial. Lo importante es que haya "una razón bien fundada que mueva la conciencia judicial hacia el remedio que pide el promovente", asegurando por ello que el juez de instancia ejercite su discreción de forma razonable, no arbitraria. Lugo Rodríguez v. Municipio de Bayamón, 111 D.P.R. 679, 680 (1981). Gira, pues, nuestra función revisora en torno a determinar si la actuación del tribunal revisado constituyó un abuso de su discreción judicial. Es menester en éste, como en otros casos en que lo determinante es el ejercicio adecuado de dicha discreción, reconocer su "ingerencia decisiva" y confirmarla, cuando no hay una demostración clara de arbitrariedad. Banco Metropolitano v. Berríos, supra, página 723.
En lo que se refiere a la determinación de desistimiento con perjuicio que provee la Regla 4.3 (b) como resultado de la falta de diligenciamiento dentro del término de seis meses, el ejercicio de discreción judicial tiene que aquilatarse también de acuerdo al propósito de la regla. Este no es el de proveer una defensa al demandado, sino el de asegurar que las partes sean diligentes. Banco Metropolitano v. Berríos, supra, página 724. Es claro, pues, que no debe imponerse la sanción de desistimiento con perjuicio cuando la actuación de la parte no atenta contra el deber de cumplir los términos ni contra la pronta y justa decisión de los casos. Debemos señalar, además, que la determinación de justa causa para permitir el diligenciamiento fuera de término no puede desvincularse del principio cardinal de que todo caso se adjudique en sus méritos. Por ello, el foro apelativo debe respetar, en ausencia de una clara demostración de arbitrariedad, "la intervención moderadora del arbitrio judicial al estimar la existencia de causa justificada en temprana etapa del procedimiento". Banco Metropolitano v. Berríos, supra, página 725.
Nuestro examen del recurso de autos reveló que no hubo en este caso falta de diligencia de la parte demandante. El original del emplazamiento que consta en autos, según informó el demandante al tribunal en su moción de 2 de noviembre de 1994, refleja las diligencias realizadas en la persona del co-demandado González Delbrey. Puesto que dicho co-demandado no informó del defecto en el emplazamiento que le fue diligenciado hasta el 27 de octubre de 1995, día en que precisamente se vencían los seis meses, podemos entender que no fue hasta entonces que el demandante advino en conocimiento del defecto. Apenas cinco días después, el 2 de noviembre, solicitó nuevos emplazamientos.
Consideramos que lo anterior configura la justa causa o negligencia excusable que sirvió de base o razón para el ejercicio válido de la discreción judicial en el caso de autos.
A tenor con lo anterior se expide el auto y se confirma la resolución recurrida.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
*1206 María de la C. González Cruz
Secretaria General