Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se trata de dos recursos de certiorari instados separadamente por Wilfredo Guadalupe y por Integrated Environmental Solutions h/n/c Indutech Environmental Services, Inc., en el interés de revocar la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, mediante la cual declaró No Ha Lugar a la solicitud de reconsideración presentada por Indutech en Víctor M. García, et als. v. Induchem, Inc., et als., Civil Núm. CD2002-0377 sobre daños y perjuicios-. Mediante dicha acción se alegó la ocurrencia de un accidente en el cual hubo un derrame de diesel. Con posterioridad a la limpieza del mismo, aparentemente el almacenaje de la tierra utilizada para limpiar el material desparramado causó daños a los demandantes aquí recurridos. Con relación a la referida acción, Indutech presentó una Moción de Sentencia Sumaria alegando que ya había transcurrido el término de 6 meses que dispone la Regla 4.3 de las de Procedimiento Civil para emplazar al peticionario Guadalupe, quien era el dueño del camión y del diesel involucrado en el referido accidente. Ambas partes solicitaron la desestimación de la causa de acción instada en contra del peticionario Guadalupe por deficiencias en su emplazamiento. Además, Indutech solicitó que se desestimara contra los demás demandados por falta de parte indispensable (Guadalupe).
Hemos examinado los recursos presentados y en virtud de la Regla 38.1 de las de Procedimiento Civil, supra, 32 L.P.R.A. Ap. Ill, y la Regla 80.1 del Reglamento del Tribunal de Apelaciones, consolidamos los mismos mediante Resolución de 8 de septiembre de 2004 por recurrir todos de una misma resolución. De otra parte, luego de un análisis minucioso de lo planteado en estos casos y a la luz del derecho aplicable, resolvemos expedir los autos, modificar la resolución recurrida únicamente en lo que respecta a Guadalupe, y confirmar las demás providencias contenidas en la misma.
*788 I
Los hechos que culminan con el presente recurso son los siguientes. La acción original de este pleito contra la parte peticionaria Eddie Ramos Miranda, Indutech y Guadalupe fue presentada el 3 de julio de 2002, fecha en que fueron expedidos los emplazamientos de los demandados. Los peticionarios advierten que, según la Regla 4.3(b) de las de Procedimiento Civil, supra, los demandantes tenían seis meses, es decir, hasta el 3 de enero de 2003, para efectuar el diligenciamiento de dichos emplazamientos. Sin embargo, el término de seis meses dispuesto en la Regla 4.3(b) transcurrió sin que se realizara el diligenciamiento del emplazamiento de Guadalupe, se solicitara prórroga para realizar el mismo, o se solicitara realizar los mismos por edicto.
El 14 de enero de 2003, once días después de expirado el término para diligenciar los emplazamientos, la parte recurrida presentó escrito intitulado Moción Sobre Autorización para Demanda Enmendada y Expedición de Emplazamientos y acompañada con dicho escrito se presentó una Demanda Enmendada añadiendo como co-demandados a Indutech y AIICO.
El 9 de junio de 2003, la parte recurrida presentó una solicitud para que se expidiese emplazamiento de Guadalupe y extensión del término para diligenciar el mismo y el de Eddie Ramos Miranda. En la misma se alegó que, por error involuntario, al presentar la demanda enmendada el 14 de enero de 2003, la cual añadió como co-demandados a los peticionarios de referencia, no se incluyó el emplazamiento de Guadalupe, por lo que solicitó 60 días adicionales para diligenciarlo. Los peticionarios puntualizaron que, aparentemente y para conveniencia de los recurridos, éstos omitieron mencionar en dicho escrito que el emplazamiento de Guadalupe había sido expedido desde el 3 de julio de 2002 sin que el mismo hubiese sido diligenciado, o se hubiese solicitado prórroga para diligenciar el mismo. Los peticionarios señalaron que al 9 de junio de 2003, fecha de la presentación de la referida moción, ya habían transcurrido 146 días desde la presentación de la Demanda Enmendada y 335 días desde la presentación de la primera demanda y expedición del primer emplazamiento a Guadalupe.
Así las cosas, el 16 de junio de 2003, el TPI emitió una orden notificada el 18 de junio de 2003 mediante la cual autorizó la expedición del segundo emplazamiento a Guadalupe, es decir, a los 344 días de la expedición del primer emplazamiento. Conforme a la orden, la parte recurrida tenía hasta el 18 de diciembre de 2003 para diligenciar el segundo emplazamiento expedido por dicho foro recurrido. En cuanto a los emplazamientos expedidos el 3 de julio de 2003, los peticionarios acotan que los mismos no fueron diligenciados dentro del término de seis meses desde su expedición en contravención con lo preceptuado al respecto.
El 18 de noviembre de 2003, la parte recurrida presentó un escrito intitulado Moción Solicitando Emplazamientos por Edictos y el 10 de diciembre de 2003, el TPI notificó la orden para que se expidieran los mismos. Ello implica que a los 184 días de haber presentado la parte recurrida su solicitud de expedición de los emplazamientos del 9 de junio de 2003 y 329 días después de la presentación de la Demanda Enmendada fueron expedidos por tercera vez los mismos, esta vez por edicto.
El 18 de marzo de 2004, la parte recurrida presentó un escrito notificando el emplazamiento por edicto de Guadalupe e indicaron que el mismo fue notificado por correo certificado con acuse de recibo el 10 de febrero de 2004; esto es, a los 246 días de haber solicitado por segunda vez la expedición de dicho emplazamiento, y un año y siete meses después de haberse expedido los emplazamientos de la demanda original.
Ante dicho cuadro, alega la parte peticionaria que durante todo ese tiempo la única alegación de justa causa presentada por la parte recurrida para la dilación en el emplazamiento de Guadalupe fue que, a pesar de las gestiones realizadas, no había podido dar con su paradero.
Dada la alegada dilación, Indutech presentó una'solicitud de Sentencia Sumaria para que se desestimase la presente acción contra dicha parte con peqúicio, por ño haberse diligenciado los emplazamientos dentro del *789 término establecido en la Regla 4.3 (b). Por su parte, Guadálüpe presentó una Moción de Desestimación bajo igual argumento. No obstante, el TPI tomó acción, en lo pertinente, de la siguiente manera:

“1. Declaró No Ha Lugar la Solicitud de Sentencia Sumaria;

2. Expidió por segunda vez los emplazamientos de Guadalupe luego de expirado el término de 6 meses de su primera expedición del 3 de junio de 2002;

3. Concedió prórroga para diligenciar los mismos; y

4. Permitió que Guadalupe fuera emplazado por edictos. ”

Los peticionarios indicaron que las determinaciones recurridas del TPI atentan contra los principios básicos de justa causa, es decir, no habiendo consignado expresamente la naturaleza de la justa causa para no haber diligenciado el mismo dentro de los seis meses de su expedición original, el foro recurrido accedió a la solicitud de los recurridos en contravención con los postulados procesales enunciados. Oportunamente, los peticionarios presentaron una Solicitud de Reconsideración. Sin embargo, la misma fue declarada no ha lugar por el TPI mediante la resolución recurrida de 19 de mayo de 2004, la cual, entre otras acciones, y en el uso de su discreción, entendió que existía justa causa para conceder la prórroga solicitada para diligenciar el emplazamiento de Guadalupe.
Inconformes con el curso decisorio, los peticionarios presentaron recursos de certiorari por separado, planteando similares señalamientos de error. En síntesis, ambos escritos impugnan la determinación del TPI de no desestimar la causa de acción en contra de Guadalupe a pesar de contravenir los preceptos de referencia e impugnan la concesión de prórroga por parte del foro recurrido para diligenciar los emplazamientos varias veces expedidos, fuera del término estatuido. La parte peticionaria catalogó las acciones del TPI como carentes de discreción. Indutech, además, manifestó que no sólo debía proceder la desestimación de la acción contra Guadalupe, sino también contra los demás co-demandados. Ello en respuesta a que, si faltaba Guadalupe en el pleito, no podía continuar el pleito contra los demás co-demandados por falta de parte indispensable, a saber, Guadalupe.
El 8 de septiembre de 2004, consolidamos los recursos de certiorari de título por impugnar la misma resolución. Habiendo examinado la totalidad del expediente, expedimos el auto solicitado. Revocamos parcialmente el dictamen, únicamente en lo que respecta a Guadalupe, y se mantiene lo dispuesto por el foro recurrido en cuanto a los demás peticionarios.
II
El emplazamiento tiene una función de vital importancia en nuestro ordenamiento jurídico. Es el mecanismo procesal mediante el cual una persona, denominada demandada, queda notificada de una acción en su contra; es el paso inicial requerido por el debido proceso de ley después de presentada la demanda, para traer a esa persona a la jurisdicción del tribunal y se puedan adjudicar derechos y obligaciones. First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998); Pagan v. Rivera Burgos, 113 D.P.R. 750, 753-754 (1983); Franco v. Corte, 71 D.P.R. 686, 689-691 (1950).
La Regla 4.1 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, establece que:

“Presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o a su abogado. A requerimiento del demandante, el secretario expedirá emplazamiento individuales o adicionales contra cualesquiera demandados. ”

*790 En cuanto a su diligenciamiento, la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A., Ap. HI, dispone en lo pertinente lo siguiente:
“(b) El emplazamiento será diligenciado en el término de seis meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión ele la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. ” •
Aplicando las misma, en Monell v. Mun. de Carolina, 148 D.P.R. 20 (1998), se resolvió que es el demandante quien tiene el deber de preparar y someter a la secretaría los emplazamientos que necesite, inmediatamente después de haber presentado su demanda. Por lo tanto, el término de seis (6) meses que establece la Regla 4.3(b) de Procedimiento Civil para que el demandante diligencie los emplazamientos a los demandados comienza a correr desde la fecha en que presentó la demanda, y no necesariamente desde la fecha en que presentó los emplazamientos.
En Monell, la parte demandante presentó demanda contra el Municipio de Carolina y a su Alcalde, Hon. José E. Aponte. Ese mismo día se expidió y diligenció el emplazamiento contra el Municipio, pero no se gestionó la expedición del emplazamiento contra el Alcalde. Luego de transcurrido nueve meses y medio desde la presentación de la demanda es que la parte demandante gestionó por primera vez la expedición del emplazamiento contra dicho funcionario. El Tribunal Supremo resolvió desestimar con perjuicio la reclamación contra el Alcalde basado en que el término de seis meses para diligenciar el emplazamiento debe contarse a partir del mismo día en que se presenta la demanda.
Se entiende que lo contrario implicaría que entonces el demandante tendría la opción de prorrogar indebidamente dicho término, lo que podría'ser contrario al debido proceso de ley porque se podría causar serios pequicios a los demandados. Además de que tal interpretación sería contraria al principio rector de que las Reglas de Procedimiento Civil, se deben “interpretar de modo que garanticen una solución justa, rápida y económica de todo procedimiento. ” Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. m.
Conforme surge de la Regla 4.3(b), supra, de no diligenciarse el emplazamiento en el término original de seis meses o su prórroga, se tendrá al demandante por desistido con perjuicio, es decir, su causa será cosa juzgada.
No obstante las disposiciones de la mencionada regla, en Banco Metropolitano v. Berríos, 110 D.P.R. 721, 724-25 (1981), se indicó que el referido término de seis meses para diligenciar el emplazamiento no es uno jurisdiccional, sino, a lo sumo, de estricto cumplimiento, razón por la cual un juez tendría discreción para prorrogar el mismo bajo la Regla 68.2 de las de Procedimiento Civil, supra, aún después de vencidos los plazos que a tales fines señala la Regla 4.3(b). Pero qüe ello será así, siempre y cuando, la parte promovente demuestre afirmativamente y con especificación al tribunal la razón determinante de justa causa o negligencia excusable por la cual dejó transcurrir los referidos términos que provee la Regla 4.3(b). Pietri González v. Tribunal Superior, 117 D.P.R. 638 (1986); Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981). El tribuna! tiene discreción para prorrogar el término del diligenciamiento del emplazamiento, aun luego de expirado el término, cuando se le demuestra justa causa para ello. First Bank of P.R. v. Inmob. Nac., Inc., supra.
En Banco Metropolitano v. Berrios, supra, sé déterminó que la prórroga del término prescriptive se puede solicitar aun pasados los seis meses del término original. Para la anterior interpretación, el Tribunal Supremo esgrimió como fundamento la discreción que poseen los tribunales para estimar lo que constituye justa causa, lo cual dependerá de las circunstancias ocurridas en cada caso en particular y de las diligencias realizadas por el solicitante de la prórroga para justificar la misma. íd., a la pág. 727. Véase además: Lugo v. Mun. de Bayamón, *791 supra, a las págs. 680-681.
Resulta meritorio complementar nuestra discusión con lo siguiente en cuanto a la determinación recurrida de no desestimar la causa de acción contra Guadalupe. Se ha resuelto que “[l]a Regla 4.3(b) es un desarrollo paralelo de la 39.2 (b) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sufriría el justo equilibrio procesal, de negar [sic] a la parte que no pudo diligenciar el emplazamiento en el término original de seis meses, la oportunidad de ser oído e invocar la discreción del juez con demostración de justa causa que la Regla 39.2 ordena para los casos en que no hubiere trámite durante los últimos seis meses.” Banco Metropolitano v. Berrios, supra, a la pág. 724. Existe, además, jurisprudencia interpretativa sobre la Regla 39.2 de Procedimiento Civil que claramente advierte que la desestimación de una demanda debe utilizarse como último recurso y sólo en casos extremos. Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042 (1993).
Cónsono con lo anterior, “[e]n ausencia de alegación por la recurrida [parte demandada] de que hubo arbitrariedad o abuso de discreción del juez al validar el emplazamiento diligenciado fuera del término original reglado, hemos de presumir su primera actuación bien fundada en justa causa]...].” Banco Metropolitano v. Berrios, supra, a la pág. 724. Ha sido ampliamente resuelto, que el foro apelativo no ha de intervenir con las facultades discrecionales concedidas a los tribunales de instancia, salvo demostración de que medió prejuicio o parcialidad en la determinación, que el juzgador incurrió en un craso abuso de dicha discreción, y/o que se equivocó en la aplicación del derecho pertinente. Rivera y otros v. Bco. Popular, 152 D.P. R. _ (2000), 2000 J.T.S. 156. De todo lo anterior,' él criterio rector lo será la razonabilidad en el ejercicio de discreción. íd.
Por otro lado, es norma reiterada desde hace cuatro décadas que la drástica sanción de la desestimación sólo procede cuando otras sanciones hayan resultado ser ineficaces y haya quedado inequívocamente demostrada la desatención y el abandono total de la parte con interés. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823 (1962); Maldonado v. Recursos Naturales, 113 D.P.R. 494 (1982).
De este modo, resulta evidente que la imposición de sanciones exige un delicado balance entre la obligación de los tribunales de velar porque los casos se ventilen con celeridad y el derecho de las partes a tener su día en el tribunal. Amaro González v. First Federal Savings Bank, supra; Mercado del Valle v. Panther’s Military Academy, 125 D.P.R. 98 (1990). Al contraponerse estos dos principios fundamentales de nuestro ordenamiento procesal civil, los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la primordial razón de ser de nuestro esquema adjudicativo es hacer justicia. Maldonado v. Recursos Naturales, supra; Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976).
En el caso de autos se expidieron nuevos emplazamientos aproximadamente dos años después de haberse expedido los emplazamientos originales en la fecha en qué se presentó la demanda. No obstante, la cuestión medular a dilucidarse consiste en si el TPI ejerció adecuadamente su discreción al ordenar que se expidieran nuevos emplazamientos, una vez transcurrido el término dispuesto en la Regla 4.3(b) de las de Procedimiento Civil.
Para nuestro análisis, el elemento central ha de ser necesariamente las alegaciones presentadas por los peticionarios tanto en su solicitud de sentencia sumaria y reconsideración como en el recurso ante nuestra consideración. No hay duda de que los recurridos se excedieron del período dispuesto en ley para diligenciar los emplazamientos en cuestión. Asimismo, los autos del caso reflejan los elementos de arbitrariedad y/o prejuicio necesario para dar al traste con el sano ejercicio de la discreción del juzgador de instancia.
De un minucioso análisis de los documentos que obran en autos, surge que el TPI abusó de su discreción al *792 ordenar la expedición de nuevos emplazamientos. El foro instancia avaló la justificación presentada por los recurridos como suficiente en derecho para ameritar concederle varias oportunidades para que éste diligenciara los emplazamientos de los recurridos. Los peticionarios han puesto a este Tribunal en posición para derrotar la presunción de corrección que acompaña la determinación del TPI en cuanto a la existencia de justa causa para extender el término para emplazar a éstos. Veamos.
La parte recurrida entregó los emplazamientos de Guadalupe al emplazador desde el 3 de julio de 2002, fecha en que fueron expedidos. Con posterioridad a ello, se entregaron los emplazamientos a un segundo emplazador en octubre de 2002 y quien tenía hasta enero de 2003 para diligenciar los mismos. Sin embargo, la parte recurrida no diligenció los mismos dentro del preceptuado término ni tampoco solicitó prórroga al respecto dentro del mismo. Todo lo contrario. Transcurridos 146 días desde la presentación de la Demanda Enmendada y 335 días de la presentación de la Demanda original y la expedición simultánea del primer emplazamiento, la parte recurrida solicitó la debida prórroga por vez primera en clara contravención con el postulado de la Regla 4.3(b) y la jurisprudencia interpretativa.
Más aún, los recurridos también incidieron en no justificar al tribunal, con referencia a los hechos y circunstancias, la razón o motivo para su inacción. Veamos porqué.
De las declaraciones juradas que obran en el expediente, no surge ninguna gestión realizada por la parte recurrida acreditativa de su diligencia para poder emplazar á Guadalupe. La única gestión realizada por la parte recurrida para localizar a Guadalupe, surge de unas cartas dirigidas a la Comisión de Servicio Público de 5 de agosto de 2003 y de 21 de agosto de 2003. Ambas cartas surgen pasados los seis meses estatutarios, es decir, trece meses después de la expedición del emplazamiento a Guadalupe. Forzoso resulta concluir que hubo deficiencia en el diligenciamiento de los emplazamientos por falta de diligencia en la tramitación de los mismos por parte de los recurridos.
De acuerdo a lo establecido en Monell Cardona v. Mun. de Carolina, supra, tenemos que concluir que el TPI actuó incorrectamente al conceder la prórroga cuestionada y al no desestimar la causa de acción contra Guadalupe. A tenor con el derecho esbozado, el TPI debió declarar con lugar la moción de desestimación por insuficiencia del diligenciamiento del emplazamiento, toda vez que el mismo fue tardío y sin que se solicitara prórroga, ni se adujera justa causa para la tardanza. Las escuetas afirmaciones de no dar con el paradero de Guadalupe eran insuficientes como para inferir algún tipo de justa causa para no haberlo emplazado dentro del plazo original de seis meses. Se cometieron los errores imputados en cuanto a no desestimar con perjuicio la causa de acción instada contra Guadalupe poir falta de jurisdicción sobre su persona debido a deficiencias injustificadas en el diligenciamiento de su emplazamiento.
III
Resuelta la controversia de umbral sobre la procedencia de la desestimación de la causa de acción contra Guadalupe, nos compete examinar la siguiente contención periferal.
Indutech nos llama la atención ante el hecho de que, de colegir, como hemos hecho, que la imputada dilación tuvo el ineludible efecto de ocasionar la desestimación de la causa de acción contra Guadalupe, se debe extender dicho efecto a las causas contra los demás co-demandados. El fundamento utilizado por Indutech para señalar viable tal pretensión lo basan en el contenido de la Regla 16.1 de Procedimiento Civil, supra, en lo que respecta a la parte indispensable. No le asiste la razón.
IV
La Regla 16.1 de Procedimiento Civil, supra, dispone lo siguiente:

“Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se 
*793
harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. ”

Recientemente se ha examinado la Regla 16.1, en Mun. de San Juan v. Bosque Real, Inc., 159 D.P.R. _ (2003), 2003 J.T.S. 33, donde se reiteró que este precepto procesal forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. También obedece a la necesidad de que se incluyan en el pleito aquellas partes que sean necesarias para obtener un remedio completo. Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993). Mediante esta Regla se protege a las personas ausentes de un pleito de los posibles efectos perjudiciales que le pueda ocasionar un decreto judicial y, además, se evita la multiplicidad de litigios. Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 412-13 (1982); Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. 623, 627 (1994).
Una parte indispensable es “aquélla cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio”. (Énfasis nuestro.) Fuentes v. Tribunal de Distrito, 73 D.P.R. 959, 981 (1952). El tercero ausente debe tener un interés común en el pleito que convierte su presencia en un requisito indispensable para impartir justicia completa. Hernández Agosto v. López Nieves, 114 D.P.R. 601, 605 (1983). La frase “remedio completo” ha sido escudriñada y se le ha impartido una acepción particular. La misma no debe interpretarse conforme a criterios estrictamente semánticos. “El remedio completo a que se refiere la Regla 16 alude al remedio entre las personas y entidades que ya son partes en el pleito y no al obtenible entre una parte y el ausente”. (Bastardillas en el original y citas omitidas) Id., a la pág. 607.
Para determinar si se debe acumular una parte, es necesario evaluar los hechos particulares de cada caso. En dicho análisis deben tomarse en cuenta factores tales como: tiempo, lugar, modo, clase de derechos, alegaciones, prueba, intereses en conflicto, formalidad y resultado. Sánchez v. Sánchez Brunet, 154 D.P.R. _ (2001), 2001 J.T.S. 112.
Conforme la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la omisión de una parte indispensable constituye una defensa para la parte contra la cual se reclama y puede dar lugar a la desestimación del pleito. íd., a las págs. 628-629. Véase, además: Deliz v. Igartúa, 158 D.P.R. _ (2003), 2003 J.T.S. 7; Mun. de Ponce v. A.E.E., 153 D.P.R. _ (2000), 2001 J.T.S. 3.
Respecto a la falta de parte indispensable, se ha resuelto que “es de orden tan relevante y vital que puede presentarse en apelación por primera vez o aun suscitarse por este Tribunal sua sponte”. Hernández Agosto v. López Nieves, supra, pág. 603. De igual forma, el Tribunal Supremo ha sostenido que cuando a las personas ausentes del pleito no se les ha brindado la oportunidad de salvaguardar unos derechos, esas personas deben ser acumuladas como partes para imprimirle finalidad a la adjudicación de la controversia medular. Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 604 (1989). No es suficiente que el ausente haya sido informado de su oportunidad de intervenir en el pleito. Mientras no se le haya hecho parte, no se le puede privar de sus derechos mediante una sentencia. íd., págs. 604-605. La persona que reúna los requisitos de parte indispensable tiene que ser traída al pleito con tiempo suficiente para que se pueda defender si así lo desea porque, de lo contrario, la sentencia que se dicte no será válida. Unisys v. Ramallo Brothers, 128 D.P.R. 859 (1991).
En el presente pleito, se acotó que Guadalupe no sólo era el propietario del diesel que causó los daños alegados, sino que era el propietario y conductor del camión que transportaba el combustible, el cual ocasionó el accidente por manejar el vehículo de motor de manera crasa y temeraria. Indutech señaló a Guadalupe como origen y co-causante de la presente acción. Conforme a ello, lo catalogó como parte indispensable en el pleito que subsistiría en contra de los demás co-causantes peticionarios, una vez se desestime la causa de acción contra Guadalupe.
*794 Por lo tanto, Indutech parte de la premisa que si bien Guadalupe podría ser responsable de los hechos alegados en la demanda, ello lo convierte en parte indispensable, una vez no figure como parte en el pleito.
A tenor con la Regla 16.1 de Procedimiento Civil, supra, y su jurisprudencia interpretativa, ¿era Guadalupe parte indispensable en este pleito como para desestimar la causa de acción contra los demás peticionarios? Resolvemos en la negativa.
Se ha resuelto que los co-causantes de un daño no son partes indispensables, sino partes permisibles cuya falta de acumulación no conlleva la desestimación con perjuicio de la acción civil. J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo I, Publicaciones JTS, 2000. Véase, Temple v. Synthes Corp., 498 U.S. 5 (1990). Se colige que no recaería sentencia contra esa parte, por lo que sus derechos no se verían afectados.
En la alternativa de no haber seguido el curso decisorio que debe proceder según intimamos, recordemos que ya este Foro había dispuesto para la consolidación de los recursos. Por lo que aun no consolidando los recursos, lo que también era a toda luz procedente, el propio Guadalupe compareció ante nos mediante escrito uniéndose al petitorio de Indutech el 15 de julio de 2004 reiterando su solicitud de desestimar la causa de acción en su contra por contravenir la Regla 4.3(d) y la jurisprudencia antes citada, postura que hoy avalamos a su favor. No se cometió el error imputado por Indutech, ya que Guadalupe no era ni es parte indispensable en el pleito.
V
En mérito de lo anterior, procedemos a expedir los autos de certiorari solicitados y revocamos la resolución en controversia, únicamente en cuanto a la negativa del TPI de no desestimar con perjuicio la causa de acción en contra de Guadalupe, quedándose en efecto las demás determinaciones según esbozadas en la resolución recurrida. Se devuelve el caso al TPI para la continuación de los procedimientos que correspondan en el pleito de epígrafe contra los demás peticionarios, exceptuando a Guadalupe.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2005 DTA 16
1. La identificación alfanumérica asignada de estos recursos de certiorari es KLCE-2004-00875 y KLCE-2004-00897, respectivamente.