DOMINGO ORTALAZA GARCÍA, demandante y recurrente, *v.* FONDO DEL SEGURO DEL ESTADO y ENRIQUE JACOBO DOER, demandados y recurridos.

*Número:* RE-85-426     *Resuelto:* 3 de diciembre de 1985

*Alejandro López Núñez,* abogado del recurrente; *E. Delgado Roque,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 30 de octubre de 1984 Domingo Ortalaza García instó ante el Tribunal Superior, Sala de San Juan, demanda en daños contra el Fondo del Seguro del Estado y el Dr. Enrique Jacobo Doer. Se expidieron los emplazamientos. Transcurridos sesenta y cinco (65) días y motivado por la falta de diligenciamiento en los emplazamientos, el magistrado asignado al caso emitió una orden para que en el término de diez (10) días el demandante Ortalaza expresara si mantenía interés en el mismo. Lo apercibió de que su incomparecencia se interpretaría como una falta de interés y de que el caso sería archivado. Su abogado, Lic. Alejandro López Núñez no recibió dicha orden pues no había informado al tribunal el cambio de dirección postal. Incumplido ese mandato, el 1ro de febrero de 1985 el tribunal archivó el caso con perjuicio.

■ Posteriormente, los demandados fueron emplazados en el término de seis (6) meses, dos (2) días. Al conocer el

representante legal de Ortalaza la sentencia, pidió su relevo al amparo de la Regla 49.2 de Procedimiento Civil. Adujo desconocimiento por razón del cambio de su dirección postal. El tribunal se negó. Mediante orden de mostrar causa revisamos. La comparecencia de los demandados, Fondo del Seguro del Estado y Dr. Enrique Jacobo Doer, no nos persuade. (¹)

## II

■ La Regla 4.3 (b) de Procedimiento Civil gobierna la solución del caso. Reza:

> (b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo *podrá ser prorrogado* por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. (Énfasis suplido.)

Su texto refleja que los tribunales están facultados discrecionalmente para prorrogar el término de seis (6) meses prescrito para diligenciar un emplazamiento. La premisa inarticulada en que se apuntala esta norma es que de ordinario el período de seis (6) meses es razonablemente suficiente para que el *promovente de una acción civil* pueda diligenciar los em-

---

(¹)En su comparecencia los demandados recurridos, Fondo del Seguro del Estado y Dr. Enrique Jacobo Doer, nos argumentan que el demandante emplazó a los 182 días; que no notificó al Fondo dentro del término de noventa (90) días, según la ley que regula las Demandas y Reclamaciones contra el Estado, 32 L.P.R.A. sec. 3077 *et seq.*, y que el recurso de revisión fue interpuesto transcurridos treinta (30) días desde la sentencia original. En cuanto al apuntamiento sobre notificación al Estado, no nos corresponde en esta etapa apelativa pasar juicio sobre los méritos de dicha defensa la cual debe ser reproducida y objeto de dictamen por el foro de instancia. Respecto al término apelativo, observamos que aunque denominado revisión, propiamente es un recurso de *certiorari* —y así lo acogemos— pues cuestiona la negativa del tribunal de instancia a conceder una moción de relevo de sentencia.

plazamientos expedidos. Transcurrido el mismo, o la prórroga concedida, sobre éste recae "justificar con referencia a los hechos y circunstancias la razón o motivo para su inacción". *Lugo* v. *Municipio de Bayamón*, 111 D.P.R. 679 (1981); *Banco Metropolitano* v. *Berríos*, 110 D.P.R. 721 (1981).

■ ¿Puede ser acortado este término mediante órdenes judiciales encaminadas a acelerar los trámites de causas civiles? Al examinar esta incógnita, advertimos la facultad general de los tribunales, bajo la Regla 68.2 de Procedimiento Civil, de discrecionalmente también, y por justa causa, ampliar o reducir un plazo. Dispone:

> Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, *por justa causa, en cualquier momento, y en el ejercicio de su discreción,* (1) previa moción o notificación o *sin ellas,* ordenar que se prorrogue *o acorte el término si así se solicitare* antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas. (Énfasis suplido.)

Sin embargo, al evaluar integralmente la dinámica y efectos de ambas reglas, nos inclinamos a resolver —en consideración a la drástica sanción de desistimiento con perjuicio contemplada en la Regla 4.3(b)— como norma general y en casos ordinarios([2]) como el presente, que dicho término no

---

([2]) Claro está, la norma no aplica a procedimientos extraordinarios (*injunctions, mandamus* y otros), casos de desahucios, reclamaciones en alimentos y aquellas otras causas que por la naturaleza de sus alegaciones o

puede ser disminuido. Nótese que expresamente la regla visualiza una ampliación del plazo. Esa ruta orientadora, en recta hermenéutica, robustece esa conclusión.

### III

Lo expuesto adjudica el aspecto técnico procesal del recurso. No obstante, nuestra tarea estaría inconclusa sin la siguiente observación.

■ Según antes relacionado, es evidente que todo este incidente pudo evitarse o quedar diáfanamente esclarecido en instancia, si el abogado López Núñez hubiese cumplido con el mandato de la Regla 9 de Procedimiento Civil preceptivo de que "el abogado o la parte deberá notificar inmediatamente al tribunal, bajo el epígrafe del caso, cualquier cambio en dicha dirección o teléfono". Es menester crear conciencia de lo necesario e imprescindible que resulta para el buen funcionamiento de la Rama Judicial la observancia de esa sencilla gestión. El presente recurso, su atención por este foro, los gastos forenses y costos judiciales que su omisión ha generado, es ejemplarizante del valor que representa para toda nuestra clase togada el cumplimiento de ese deber. Debemos estimular su observancia.

En estas circunstancias, al amparo de la Regla 44.2 de Procedimiento Civil, *procede que impongamos al abogado López Núñez una sanción económica de $100 a favor del Estado Libre Asociado por su "falta de diligencia en perjuicio de la eficiente administración de justicia". Deberá satisfacerla ante el foro de instancia en o antes de transcurridos diez (10) días de la remisión de nuestro mandato.*

*Se expedirá el auto y se dictará sentencia para dejar sin efecto la del Tribunal Superior, Sala de San Juan, de fecha*

---

urgencia del remedio sean (o puedan considerarse) de carácter sumario o cuando el Tribunal estime, en bien de la justicia, que los procedimientos deben acelerarse.

*25 de febrero de 1985 sujeto al cumplimiento de la sanción impuesta. Este dictamen será sin menoscabo de que los demandados reproduzcan cualquier defensa ante el foro de instancia.*