HERMINIO PIETRI GONZÁLEZ, demandante y recurrente, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, demandado y recurrido.

*Número:* RE-86-261          *Resuelto:* 30 de junio de 1986

*Zoraida Bartolomei Guzmán,* de Servicios Legales de P.R., Inc., abogada del recurrente.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 31 de enero de 1986, Pietri González presentó demanda de divorcio por separación contra Alejandrina Barines. Transcurrieron dos (2) meses y diecisiete (17) días sin ninguna gestión procesal. El tribunal entonces, *sua sponte*, concluyó que la parte demandante no tenía interés en proseguir el caso y el 17 de abril dictó sentencia en que decretaba el archivo sin perjuicio. El demandante Pietri González solicitó relevo bajo la Regla 49.2 aduciendo dificultades en el diligenciamiento del emplazamiento y su interés en efectuarlo después de abril, cuando la demandada Barines regresara de Estados Unidos. Expuso que la sentencia era contraria a la Regla 4.3 (b) de Procedimiento Civil [1] que concede un término de seis (6) meses para realizar esa gestión. El foro de instancia, al reiterar su negativa, consignó que el archivo era "sin perjuicio de que se radique nuevamente". Considerada la solicitud de Pietri González como *certiorari*, revisamos.

---

[1] Reza:

"El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término s[ó]lo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio." (Énfasis suplido.) 32 L.P.R.A. Ap. III, R. 4.3(b).

## II

En *Ortalaza* v. *F.S.E.*, 116 D.P.R. 700 (1985), establecimos la regla general de que el término de seis (6) meses para diligenciar un emplazamiento no puede ser disminuido por un tribunal. Al así resolverlo, expresamente indicamos que tal solución era "en consideración a la drástica sanción de desistimiento con perjuicio contemplada en la Regla 4.3(b)". Íd., pág. 703. No obstante, reconocimos "la facultad general de los tribunales, bajo la Regla 68.2 de Procedimiento Civil, de discrecionalmente también, y por justa causa, ampliar o reducir un plazo". Íd., pág. 703. Después de todo, la reducción y aprobación de la Regla 4.3 estuvo inspirada en llenar una laguna existente e imprimirle desde sus inicios rapidez a los procesos. Hasta su promulgación, quedaba a la sola voluntad de un demandante y su abogado cuándo diligenciarlo. Como resultado acaecían demoras innecesarias, con consecuencias detrimentales no sólo para un efectivo sistema de justicia, sino para un demandado.

En el caso que nos ocupa, el trámite escogido por el foro de instancia, en principio, es armonizable con la norma de *Ortalaza* v. *F.S.E.*, supra. Adviértase que dicho foro en un ejercicio legítimo de su obligación de acelerar la más pronta disposición de causas, dictó una sentencia de archivo *sin perjuicio*. Este resultado lo distingue.

El poder y ámbito de los tribunales para acortar el término de seis (6) meses para el diligenciamiento de un emplazamiento dispuesto en la Regla 4.3 y archivar *sin perjuicio* en caso de injustificada inactividad: debe estar precedido de un apercibimiento previo, con espíritu judicial flexible, darle la oportunidad posteriormente de demostrar que procede dejarse sin efecto dicha sentencia. Este enfoque pragmático, inyecta rapidez y economía a los procedimientos en los tribunales, a la par que armoniza los intereses de las partes en la reactivación y continuidad de sus casos.

En el caso de autos, ante la segunda alternativa, el tribunal sentenciador se negó a reabrir. La demanda está suscrita por abogado de Servicios Legales de Puerto Rico, Inc. En la moción bajo la Regla 49.2 se adujeron razones valederas. En estas circunstancias debió acceder.

Bajo la Regla 50 de nuestro Reglamento, *se dictará la correspondiente sentencia.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron.