# 95 DTA 23

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE AGUADILLA Y MAYAGUEZ - PANEL I

ISLAND FINANCE CORP.
OF SAN GERMAN
Demandante-Apelado

v.

MIGUEL MERLE FLORES
Demandado-Apelante

Núm. KLAN-95-00049

San Juan, Puerto Rico, a 8 de marzo de 1995

Panel integrado por su presidente, Juez Amadeo Murga,
y los Jueces Brau Ramírez y Ramos Buonomo

Ramos Buonomo, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El día 26 de octubre de 1994, el anterior Tribunal Municipal, Sala de Mayaguez (Hon. Samuel Almodóvar Toro, J.), dictó una sentencia en rebeldía en el caso de epígrafe. Mediante ésta, el Tribunal condenó al apelante, señor Miguel Merle Flores, a pagarle a la parte apelada, Island Finance Corp. of San Germán (en adelante, *"Island Finance"*), la suma de $1,670.49 con intereses sobre dicha suma al tipo legal desde la fecha de la sentencia y hasta la de su pago total, más $75.00 en concepto de honorarios de abogado y los gastos y las costas del litigio. Mediante una moción presentada el 1ro. de noviembre de 1994, el señor Merle Flores solicitó que se dejara sin efecto la sentencia dictada en rebeldía al amparo de la Regla 49.2 de las de Procedimiento Civil y solicitó, además, la reconsideración. Esta moción fue declarada sin lugar el 7 de noviembre de 1994. No conforme, el señor Merle Flores presentó un recurso

de apelación el día 23 de noviembre de 1994▪

En su recurso, el señor Merle Flores señala como único error que el tribunal erró al dictar sentencia en rebeldía.

Examinado el recurso presentado, la moción en oposición al escrito de apelación, la ley y la jurisprudencia, confirmamos la sentencia dictada en rebeldía por los siguientes fundamentos.

## I

Surge del expediente que el día 2 de agosto de 1994, Island Finance presentó una demanda en cobro de dinero ante el anterior Tribunal Municipal, Sala de Mayaguez. En la misma, alegó que el señor Merle Flores le adeudaba la cantidad de $1,670.49. Éste fue emplazado el día 24 de agosto de 1994. El día 11 de octubre de 1994 presentó una moción solicitando una prórroga de treinta (30) días para comparecer mediante representación legal. Esta moción fue declarada sin lugar el 17 de octubre de 1994. Finalmente, el tribunal dictó una sentencia en rebeldía el día 24 de octubre de 1994.

## II

El señor Merle Flores sostiene, en su recurso, que procedía que se dictara el relevo de sentencia ya que tenía una buena defensa y porque las solicitudes de prórroga y de relevo de sentencia fueron presentadas en tiempo. No le asiste la razón. Veamos.

En *Neptune Packing Corp. v. Wackenhut Corp.,,* 120 D.P.R. 283, 291-292 (1988), el Tribunal Supremo señaló algunos de los criterios que deben cumplirse para que un tribunal, en su facultad discrecional, dicte una resolución de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2. Bajo el primer inciso de la regla, el cual admite como razones para el relevo de sentencia el error, la inadvertencia, la sorpresa, o la negligencia excusable, el promovente debe tener una defensa válida en sus méritos. Además, bajo el primer inciso, debe considerarse si la otra parte sufrirá perjuicio de conceder el tribunal el relevo solicitado y qué perjuicio, si alguno, sufriría la parte promovente de no concederse el relevo. Para obtener el relevo tanto bajo el inciso (1), como bajo el inciso (6)▪ es necesario, también, que el promovente de la solicitud haya sido diligente en la tramitación del caso.

El Tribunal Supremo expresó, además, que estos criterios son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. *Neptune Packing Corp.,* a la pág. 294.

En su recurso, el señor Merle Flores alega *"que había hecho gestiones con la Institución Financiera para que el seguro cubriera el período en que este [sic] estuvo incapacitado, que fue el período en que cayó en morosidad, por lo que éste tenía una buena defensa para que se dejara sin efecto la anotación de rebeldía".* ▪Esta alegación hecha por el señor Merle Flores no convenció al tribunal, en su ánimo discrecional, a dejar sin efecto la sentencia dictada en rebeldía. Tampoco nos convence en alzada, más aún cuando no surge prueba alguna en el expediente que sostenga dicha alegación y ni siquiera se levantó la misma como una defensa afirmativa en una contestación a la demanda.▪

Recordemos que, en cuanto a la solicitud de relevo de sentencia por. la razón de negligencia excusable▪ el Tribunal Supremo ha expresado que:

*"En casos en donde se dicta sentencia en rebeldía o por incomparecencia de la parte promovente, hemos dicho que se requiere alegar y demostrar que se tiene una defensa válida que oponer a la reclamación de la otra parte. ... No es posible bajo este inciso solicitar la*

*reapertura para plantear defensas renunciadas, excepto las que producen la nulidad absoluta de la sentencia."* (citas omitidas). *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 300 (1989).

Esto nos lleva al próximo criterio: la diligencia en la tramitación del caso.

El señor Merle Flores alega en su recurso que presentó en tiempo las solicitudes de prórroga y de relevo de sentencia. Aun cuando presentó oportunamente la solicitud de relevo de sentencia, resulta obvio que la moción de prórroga fue presentada tardíamente y sin justa causa.

Surge del expediente que el señor Merle Flores fue emplazado el 24 de agosto de 1994. Tenía, por lo tanto, hasta el día 13 de septiembre de 1994 para contestar la demanda.■ Sin embargo, no fue hasta el 11 de octubre de 1994 que presentó ante el tribunal una moción solicitando prórroga, sin causa justificada, para comparecer a través de representación legal. Es decir, el término adicional solicitado no era ni siquiera para contestar la demanda, cuya contestación ya estaba tardía. Por otro lado, tampoco levantó en dicha moción la defensa que presentó en la solicitud de relevo de sentencia y en su recurso ante nos. Esta moción fue declarada sin lugar por el tribunal de primera instancia.■

Resulta claro, pues, que la causa de la rebeldía del señor Merle Flores fue su propia falta de diligencia. *Neptune Packing Corp. v. Wackenhut Corp., supra,* a la pág. 292.

El señor Merle Flores tampoco demostró en su solicitud de relevo de sentencia, ni en su recurso ante nos, qué perjuicio, si alguno, sufriría de no dejarse sin efecto la sentencia, por lo que el Tribunal no está en posición de hacer alguna determinación al respecto.

La escueta alegación hecha por el señor Merle Flores, en su recurso, resulta, pues, tardía e insuficiente para poner el Tribunal en condiciones de determinar si existe alguna razón válida que justifique la concesión de un remedio contra los efectos de la sentencia. Señalamos que *" [u]na persona no tiene derecho a que sus reclamaciones adquieran permanencia en los tribunales, manteniendo a la otra parte en un estado de incertidumbre sin más excusa para su falta de diligencia que una escueta referencia a circunstancias especiales, descuidos o inadvertencias". Olmeda Nazario v. Sueiro Jiménez, supra,* a la pág. 299.

En virtud de lo anterior, resolvemos que el tribunal de primera instancia actuó dentro de su discreción al no dejar sin efecto la sentencia dictada en rebeldía.

### III

Por los fundamentos antes expuestos, se confirma la sentencia dictada el día 26 de octubre de 1994 en el caso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 23**

1. Este recurso fue remitido al Tribunal de Circuito de Apelaciones en virtud de la Orden Administrativa Núm. XIII emitida por el Juez Presidente el día 23 de enero de 1995. Señalamos, por otro lado, que el Tribunal Supremo de Puerto Rico ha resuelto que el recurso adecuado para revisar la denegatoria de una solicitud de relevo de sentencia es el *certiorari. Ortalaza v. F.S.E.,* 116 D.P.R. 700, 702, n.1 (1985). Aunque no existía un reglamento que estableciera el procedimiento de *certiorari* ante el anterior Tribunal Superior, la práctica

desarrollada seguía el formato del *certiorari* requerido por el Tribunal Supremo. D. Rivé Rivera, *Recursos Extraordinarios,* Programa de Educación Legal Continuada de la U.I.A. de P.R., 1989, pág. 204.

En el caso de autos, el recurso presentado, aunque denominado *"apelación",* cumple sustancialmente con los requisitos de forma de un *certiorari* establecidos en el anterior Reglamento del Tribunal Supremo. 4 L.P.R.A. Ap. I-A, §21.

**2.** El señor Merle Flores levanta en su recurso el inciso (6) de la Regla 49.2 que establece como causa *"[c]ualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia".*

**3.** Véase Recurso, a la pág. 2. En su moción solicitando el relevo de sentencia, alegó que estuvo incapacitado para los meses en que los pagos no se pudieron efectuar y que de ello tenía conocimiento la institución financiera. Véase Moción solicitando que se deje sin efecto sentencia dictada en rebeldía al amparo de la regla 49.2 y moción de reconsideración, Recurso, Apendice V.

**4.** La parte tampoco hizo esta alegación en la moción de prórroga que presentó ante el tribunal de primera instancia el día 11 de octubre de 1994.

**5.** Véase el inciso (1) de la Regla 49.2 de las de Procedimiento Civil, *supra.*

**6.** Véase la Regla 10.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.1, que le impone al demandado un término de veinte (20) días desde que se le entregue copia del emplazamiento y de la demanda para presentar su contestación.

**7.** Bajo la Regla 68.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.2, el tribunal tiene la facultad de, discrecionalmente y por justa causa, ampliar o reducir un plazo. *Pietri González v. Tribunal Superior,* 117 D.P.R. 638, 640 (1986); *Ortalaza v. F.S.E., supra,* a la pág. 703.