# 95 DTA 65

## TRIBUNAL DE CIRCUITO DE APELACIONES DE PUERTO RICO
## CIRCUITO REGIONAL II - BAYAMON

LUIS A. RIVERA ROMERO, ET ALS.
Apelantes-Demandantes

v.

OSVALDO RIVERA ESTELA, ET ALS.
Apelados-Demandados

Núm. KLAN-95-00087

San Juan, Puerto Rico, a 21 de abril de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Charles A. Cordero, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una sentencia dictada por el Tribunal de Primera Instancia,

Sección Superior, Sala de Bayamón, el día 19 de enero de 1995 y notificada a los demandantes el siguiente 25 de enero. En la sentencia se ordenó el archivo sin perjuicio de la demanda instada por los demandantes, por no haberse hecho el diligenciamiento del emplazamiento. Por las razones que señalaremos, revocamos.

## I

Explicamos los antecedentes del caso. El día 26 de julio de 1994 fue presentada la demanda ante el Tribunal de Primera Instancia y en igual fecha fue expedido el emplazamiento. La demanda nombra como demandados a Osvaldo Rivera Estela *("Rivera")*, Fulana de Tal y la Sociedad de Bienes Gananciales por éstos constituida. Como previamente indicamos, el tribunal de instancia dictó la sentencia apelada el 19 de enero de 1995, archivándose en autos copia de la notificación el día 25 de enero de 1995. El 24 de enero de 1995, o sea, el día antes de enviarse por correo dicha notificación, mediante moción los demandantes solicitaron se les autorizara el emplazamiento de Rivera por edicto, por no haber podido localizarlo, a pesar de haberse realizado honestos esfuerzos a tales fines. Como se puede ver, sin haber transcurrido el término original de seis (6) meses desde la expedición del emplazamiento, el tribunal de instancia decretó el archivo del caso sin perjuicio y sin previo apercibimiento.

## II

La Regla 4.3 (b) de Procedimiento Civil, 32 L.P.R.A. Apéndice III, establece que:

*"...el emplazamiento será diligenciado en el término de (6) seis meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio."*

En *Pietri González v. Tribunal Superior,* 117 D.P.R. 638 (1986), se determinó que:

*"El poder de los tribunales para acortar el término de (6) meses de la Regla 4.3 de Procedimiento Civil y archivar sin perjuicio en casos de inactividad injustificada: **debe estar precedido de un apercibimiento previo , con espíritu judicial flexible, darle la oportunidad posteriormente de demostrar que procede dejarse sin efecto dicha sentencia.** Este enfoque pragmático, inyecta rapidez y economía a los procedimientos en los tribunales, a la par que armoniza los intereses de las partes en la reactivación de sus casos."*. (Enfasis nuestro.)

A base de lo expresado anteriormente, en el caso de autos, el Tribunal de Primera Instancia erró al archivar la acción del apelante sin apercibir previamente a los demandantes.

También, erró el tribunal al no reabrir el caso, mediante su orden de *"no ha lugar",* luego de los demandantes haberle demostrado justa causa para dicha reapertura.

Por los fundamentos antes expresados, se expide el auto, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para ulteriores procedimientos conformes a lo aquí dispuesto.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General