*1235 TEXTO COMPLETO DE LA SENTENCIA
El 15 de agosto de 2006, F. Pont Flores Corporation (F. Pont) presentó recurso de certiorari en el que solicitó la revisión de la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 3 de julio de 2006, notificada y archivada en autos el 7 de julio de 2006. Mediante dicha orden, el TPI declaró “no ha lugar” la solicitud de desestimación, por falta de emplazamiento dentro del término establecido por la Regla 4.3 de las Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3, presentada por F. Pont en cuanto a la demanda sobre daños y perjuicios instada en su contra por José M. Pont Colón (José Pont).
I
El 11 de mayo de 2006, José Pont presentó ante el TPI querella por despido injustificado en contra de.F. Pont, Femando Pont Romaguera y otros. En ésta, alegó que comenzó a trabajar para F. Pont en el año 1997 y que fue despedido sin justa causa el 29 de diciembre de 2003. Reclamó la suma de doce mil dólares ($12,000) y diez mil dólares ($10,000) por concepto de mesada y beneficios, respectivamente. Además, reclamó una compensación de cien mil dólares ($100,000) por las angustias mentales sufridas como consecuencia de las actuaciones de la querellada. A los fines de tramitar su reclamación, se acogió al procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 a 3132.
El 7 de junio de 2004, la parte querellada presentó su contestación a la querella. Posteriormente, el 26 de mayo de 2005, José Pont presentó, por derecho propio, demanda por libelo y calumnia y daños y perjuicios en contra de F. Pont, Femando Pont Romaguera, Víctor Álvarez Pont, Luis Raúl Hernández y otros. En ésta, adujo que por causa de los comentarios difamatorios que fueron realizados por la parte demandada en cuanto a que se había apropiado ilegalmente de dinero de F. Pont fue despedido de la compañía. Reclamó compensación por los daños sufridos y los ingresos dejados de percibir. El 5 de octubre de 2005, José M. Pont presentó Moción Solicitando Consolidación de los Procedimientos. Mediante la misma, solicitó que se consolidaran la querella y la demanda por él instada, pues ambas trataban sobre la misma causa de acción. El 21 de noviembre de 2005, el *1236 TPI ordenó la consolidación de los casos.
El 30 de noviembre de 2005, expirado el término de seis (6) meses para diligenciar los emplazamientos, la representación legal de José Pont presentó “Moción Solicitando Breve Término Adicional, Solicitud de Expedición de Emplazamiento y Prórroga, Moción Consignando Asuntos Pendientes del Caso”. En lo pertinente, señaló que se había percatado que en el caso de daños, que había instado su cliente por derecho propio, no se había expedido el emplazamiento de F. Pont, por lo que solicitó la expedición del mismo y una prórroga para diligenciar el mismo. A tal efecto, incluyó el emplazamiento de F. Pont.
El 20 de diciembre de 2005, notificada el 23 de diciembre de 2006, el TPI emitió Orden en la que autorizó la expedición del emplazamiento solicitado sin perjuicio de las defensas que en su día pudiesen levantarse. Concedió treinta (30) días para el diligenciamiento.
El 4 de enero de 2006, los co-demandados Víctor Álvarez Pont, sin someterse a la jurisdicción del Tribunal, Femando Pont Romaguera y Luís Raúl Hernández Santana presentaron contestación a la demanda.
El Iro de marzo de 2006, F. Pont fue emplazada.
El 24 de marzo de 2006, la co-demandada F. Pont presentó, sin someterse a la jurisdicción del foro recurrido, Moción de Desestimación Por Falta de Jurisdicción. Señaló que José Pont no le emplazó dentro del término requerido de seis (6) meses ni tampoco le emplazó dentro del término de treinta (30) días que le concedió el Tribunal.
El 2 de junio de 2006, José Pont presentó su oposición a la solicitud de desestimación en la que señaló que el 21 de noviembre de 2005 se había ordenado la consolidación de los casos y que para esa fecha F. Pont ya era parte de la querella por despido injustificado y tenía representación legal. Añadió, que con posterioridad a la consolidación, el 30 de noviembre de 2006, se notificó oportunamente vía facsímil copia de la demanda al abogado de récord de F. Pont.
El 3 de julio de 2006, notificada el 7 de julio de 2006, el TPI emitió Orden en la que declaró “no ha lugar” la solicitud de desestimación presentada por F. Pont.
Inconforme con el dictamen del TPI, el 21 de julio de 2006, F. Pont presentó Moción de Reconsideración.
El 3 de agosto de 2006, notificada el 4 de agosto de 2006, el TPI emitió Orden en la que dispuso: “REFIÉRASE LA MOCIÓN DE RECONSIDERACIÓN A LA ATENCIÓN DE JOSÉ ESTEBAN PERÉZ MARRERO....”.
El 7 de agosto de 2006, notificada el 9 de agosto de 2006, el TPI emitió Orden en la que declaró “no ha lugar” la solicitud de reconsideración presentada por F. Pont.
El 15 de agosto de 2006, F. Pont presentó recurso de certiorar en el que señaló la comisión de los siguientes errores:

“Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación por falta de jurisdicción, cuando el emplazamiento diligenciado a F. Pont Flores Corp. se efectuó juera del término establecido en la Regla 4.3 (b) de Procedimiento Civil (32 L.P.R.A. Ap. Ill, R. 4.3 (b)), y fuera del término de treinta (30) días que le concedió el Tribunal de Primera Instancia a solicitud de la parte demandante una vez vencido de seis (6) meses en cuestión.

*1237
Erró el Honorable Tribunal de Primera Instancia al aparentemente permitir que la consolidación de la Querella sobre procedimiento sumario de reclamaciones laborales (DPE 2004-0363) y la Demanda sobre daños y perjuicios (DDP2005-0153) tuviese el efecto de que la querellada F. Pont Flores Corp. se convirtiese automáticamente en parte demandada y emplazada en el pleito de daños y perjuicios, por el mero hecho de ésta haber sido emplazada en el caso de la Querella. ”

II
El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que éste quede obligado por él dictamen que finalmente emita. Márquez Resto v. Barreto Lima, 143 D.P.R. 137, 142-143 (1997). El emplazamiento diligenciado conforme a derecho es principio esencial del debido proceso de ley. El mismo tiene el propósito primordial de notificar de forma sucinta y sencilla a la parte demandada que existe una acción en su contra para así garantizarle la oportunidad de comparecer en el juicio, ser oído y presentar prueba en su defensa. Banco Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 763-764 (1994). Por ello, los requisitos para el emplazamiento establecidos por la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4, son de cumplimiento estricto. Quiñones Román v. Cia. ABC, 152 D.P.R. 367, 374-375 (2000).
La Regla 4.3 (b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3, establece el término para diligenciar el emplazamiento. La Regla dispone:

“El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. ”

En Monell v. Mun. de Carolina, 146 D.P.R. 20, 24 (1998), el Tribunal Supremo tuvo la oportunidad de interpretar la disposición citada. En ese caso, dicho foro resolvió que aunque la Regla 4.3 le impone al secretario del tribunal la obligación ministerial de expedir inmediatamente los emplazamientos, para dar cumplimiento a dicha disposición es preciso que, al momento de presentar la demanda, el demandante o su abogado acompañen los emplazamientos correspondientes para que el secretario los fume y selle. Banco de Desarrollo Económico v. AMC Surgery, 157 D.P.R. 150, 153-155 (2002). Es decir, no cabe interpretar la Regla 4.3(b) en el sentido de que corresponde únicamente al secretario del tribunal de instancia la responsabilidad de tramitar la expedición del emplazamiento. Id. La parte demandante no puede presentar una demanda y esperar a que el secretario prepare y expida los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda. Una vez el secretario expide el emplazamiento, corresponde al demandante gestionar el diligenciamiento del mismo. Id.
El término de seis (6) meses para emplazar, de ordinario, debe ser computado desde la fecha de la presentación de la demanda, esto es, que se entienden expedidos los emplazamientos desde la fecha en que se presenta la demanda ante las secretarías del tribunal de instancia. Monell v. Municipio de Carolina, supra, a las páginas 25-26.
Tanto el texto de la Regla 43.3 (b) como el de la Regla 68.2 de Procedimiento Civil establecen con gran claridad la inherencia de la discreción judicial en la concesión de la prórroga del término para diligenciar el emplazamiento y la discreción para determinar, en el momento procesal en que se suscita la cuestión, si medió justa causa o negligencia excusable en la omisión combatida.
La determinación por el tribunal de justa causa para prorrogar el término del emplazamiento, debe ser producida en circunstancias meritorias que superen el rigor crítico del juez, orientado siempre hacia el *1238 cumplimiento de los términos, elemento vital de la pronta y justa decisión de los casos. Véase, Banco Metropolitano v. Berríos, 110 D.P.R. 721, 725-726 (1981).
El Tribunal Supremo ha reconocido la facultad general de los tribunales, bajo la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.2, de discrecionalmente y por justa causa ampliar el plazo para diligenciar un emplazamiento. Pietri González v. Tribunal Superior, 117 D.P.R. 638, 640 (1986). El tribunal tiene discreción para prorrogar el término del diligenciamiento del emplazamiento, aun luego de expirado el término, cuando se le demuestre justa causa para ello o que medió negligencia excusable por parte del demandante. First Bank v. Inmobiliaria Nacional, 144 D.P.R. 901, 913-914 (1998).
Ahora bien, el Tribunal Supremo ha sostenido que recae sobre el demandante la carga de justificar, con referencia a los hechos y circunstancias del caso, la razón o motivo para su inacción dentro del término original Global Gas, Inv. v. Salaam Realty Corp., 164 D.P.R. _, 2005 JTS 48, a las páginas 1069-1070, Opinión de 6 de abril de 2005. La moción solicitando prorrogar el plazo para diligenciar el emplazamiento, igual a cuando se solicita se expida nuevo emplazamiento cuya expedición tendrá el efecto de prorrogar el plazo para diligenciarlo, debe exponer, específicamente y de manera afirmativa, la razón determinante de justa causa para extender el término vencido; justificación que necesariamente debe estar atada al sentido de justicia que impregna la reclamación del promovente. Lugo v. Municipio de Bayamón, 111 D.P.R. 679, 680-681 (1981).
III
En el caso de marras, el 26 de mayo de 2005, José Pont presentó, por derecho propio, demanda sobre daños y perjuicios en contra de F. Pont y otros. Del expediente ante nos, surge que el 23 de octubre de 2005, el Ledo. Julio E. Gil Lamarid suscribió “Moción Asumiendo Representación Legal” en la que le informaba al TPI que José Pont había contratado sus servicios para que le representara en el caso de daños.
Luego de haber transcurrido seis (6) meses y cuatro (4) días de haberse presentado la demanda, el 30 de noviembre de 2005, el representante legal de José Pont presentó moción en la que indicó que se había percatado de que no se había expedido el emplazamiento de la co-demandada F. Pont, por lo que solicitó se expidiera el mismo y se concediera una prórroga para diligenciarlo.
El 20 de diciembre de 2005, notificada el 23 de ese mismo mes y año, el TPI emitió Orden en la que autorizó la expedición del emplazamiento y concedió treinta (30) días para diligenciarlo. Dicho término vencía el 22 de enero de 2006. No obstante, la co-demandada F. Pont fue emplazada el 1ro de marzo de 2006.
La Regla 4.3 (b) de Procedimiento Civil exige que el emplazamiento sea diligenciado dentro del término de seis (6) meses. Dicho término será computado desde la fecha de la presentación de la demanda. Sólo se concederá prórroga para diligenciar un emplazamiento cuando medie justa causa.
En este caso, la demanda fue presentada el 26 de mayo de 2005 y no fue hasta el 30 de noviembre de 2005, que el abogado de José Pont solicitó una prorroga para emplazar a la co-demandada F. Pont pues su cliente había instado la acción por derecho propio y él se había percatado de que no se había expedido el emplazamiento correspondiente. Ante la inexistencia de justa causa para dejar transcurrir en exceso del término para que Secretaría expidiera el emplazamiento de la co-demandada F. Pont y en consecuencia para poder diligenciar el mismo dentro del término de seis (6) meses que dispone las Reglas de Procedimiento Civil para ello y ante la dejadez de diligenciar el mismo dentro del término concedido como prorroga, el TPI debió desestimar la causa de acción en cuanto a ésta.
IV
Por los fundamentos antes expresados, expedimos el auto solicitado y revocamos la resolución recurrida. En virtud de lo resuelto, desestimamos parcialmente la demanda en cuanto a la reclamación en contra de F. Pont *1239 Flores Corporation se refiere.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
MarIa Elena Perez Ortiz
Secretaria del Tribunal de Apelaciones