EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Natasha Sánchez Ruiz<br><br>Peticionaria<br><br>v.<br><br>Gian H. Higuera Pérez, Agencia de Publicaciones 305 Group, LLC y su Aseguradora Fulana del Tal y su Aseguradora XYZ<br><br>Recurridos | 2020 TSPR 11<br><br>203 DPR ____ |
| --- | --- |

Número del Caso: AC-2019-45

Fecha: 10 de febrero de 2020

Tribunal de Apelaciones:

 Panel XI

Abogada de la parte Peticionaria:

 Lcda. Mariana García García

Abogado de la parte Recurrida:

 Lcdo. José J. Lamas Rivera

Materia: Derecho Procesal Civil: El término para realizar un emplazamiento por edictos, una vez se intentó emplazar personalmente sin éxito, comienza a decursar desde que se expide el correspondiente emplazamiento.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Natasha Sánchez Ruiz

     Peticionaria

          v.                        AC-2019-0045

Gian H. Higuera Pérez, Agencia
de Publicidad 305 Group, LLC y
su Aseguradora Fulana de Tal y
su Aseguradora XYZ

     Recurridos



Opinión del Tribunal emitida por el Juez Asociado señor Martínez Torres



En San Juan, Puerto Rico, a 10 de febrero de 2020.

Nos corresponde determinar qué ocurre con el término de ciento veinte días, dispuesto para diligenciar los emplazamientos, cuando el demandante solicita inicialmente emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar por edictos. Resolvemos que en esa circunstancia, el término improrrogable de ciento veinte días para emplazar comienza a trascurrir cuando se autoriza y se expide el emplazamiento por edicto. Por ese fundamento, revocamos la sentencia apelada.

I.

El 30 de junio de 2017, la Sra. Natasha Sánchez Ruiz presentó una demanda, sobre daños y perjuicios, en contra del Sr. Gian H. Higueras Pérez y la Agencia de Publicidad 305 Group, LLC (demandados). Ese mismo día se expidieron los emplazamientos. Posteriormente, el Tribunal de Primera Instancia emitió una orden mediante la cual acortó el término para emplazar a sesenta días desde la notificación de la referida orden. Esto, fundamentado en Pietri González v. Tribunal Superior, 117 DPR 638 (1986), y en la Regla 68.2, infra. La orden se notificó el 17 de julio de 2017.

Tras el paso del huracán María, emitimos una resolución que extendió los términos de presentación de los recursos que vencían entre los días 19 de septiembre de 2017 y 30 de noviembre de 2017 hasta el 1 de diciembre de 2017.

Así las cosas, el 10 de noviembre de 2017, la señora Sánchez Ruiz presentó una moción de emplazamiento por edictos. Radicó junto a esta una declaración jurada suscrita por una emplazadora mediante la cual acreditó las diligencias realizadas para localizar a los demandados. Entre las diligencias efectuadas, la emplazadora mencionó las siguientes: que se personó en el condominio donde supuestamente residía el señor Higueras Pérez y se reunió con la administradora del mismo, pero esta le indicó que el señor Higueras Pérez no residía allí; que visitó el lugar donde presuntamente estaba ubicaba la Agencia de Publicidad 305 Group, LLC, pero el local se encontraba abandonado; que

fue al cuartel de la Policía Municipal localizado en la Avenida de Hostos de San Juan, pero el Agente Rivera, placa número 352, le manifestó no conocer al señor Higueras Pérez; que visitó la Oficina de Correo Postal ubicada en la Avenida Roosevelt de San Juan, pero el señor Ramírez le indicó que no conocía al señor Higueras Pérez y que este y la Agencia de Publicidad 305 Group, LLC, no tenían apartado en dicho correo; que llamó al señor Higueras Pérez a su trabajo, pero el número estaba desconectado, y que hizo una búsqueda en Google, Twitter, Facebook, las Páginas Amarillas y llamó al 411 para obtener información de los demandados, pero no obtuvo ningún resultado.

El 29 de noviembre de 2017, la señora Sánchez Ruiz solicitó prórroga para emplazar, pues el Tribunal de Primera Instancia no se había expresado sobre la solicitud de emplazamiento por edictos. En esta, apuntó que solicitó emplazar por edictos el 10 de noviembre de 2017, pero el tribunal aún no se había expresado sobre el particular. Añadió que, por razón del huracán María, el término para emplazar vencía el 1 de diciembre de 2017, por lo que solicitaba una prórroga de treinta días para emplazar por edictos, a partir de la resolución que se emitiera a esos efectos.

El 15 de noviembre de 2017, el Tribunal de Primera Instancia declaró con lugar la solicitud de emplazamientos por edictos, notificando su determinación el 29 de diciembre de 2017. Ese día también se expidieron los emplazamientos.

Posteriormente, el Tribunal de Primera Instancia emitió una orden mediante la cual concedió una prórroga de treinta días para emplazar por edictos, contados a partir del 29 de diciembre de 2017. Los edictos fueron publicados el 16 de enero de 2018.

Ante la incomparecencia de los demandados, la señora Sánchez Ruiz presentó una solicitud de anotación de rebeldía y vista. Esta fue declarada con lugar mediante una orden. Luego de celebrada la vista en rebeldía, el Tribunal de Primera Instancia emitió una sentencia mediante la cual declaró con lugar la demanda y condenó a los demandados a pagarle a la señora Sánchez Ruiz $95,032.32.

Inconformes, los demandados solicitaron la reconsideración y el relevo de la sentencia dictada en rebeldía. Se fundamentaron en que no fueron emplazados dentro del término jurisdiccional disponible para ello y que no se acreditaron gestiones razonables para localizarlos que justificaran los emplazamientos por edictos. La solicitud fue denegada mediante una resolución.

Insatisfechos, los demandados recurrieron al Tribunal de Apelaciones. Ese foro revocó la sentencia del Tribunal de Primera Instancia y desestimó el pleito, tras concluir que la señora Sánchez Ruiz no emplazó a los demandados dentro del término de ciento veinte días. Según el Tribunal de Apelaciones, la señora Sánchez Ruiz tenía hasta el 28 de octubre de 2017 para emplazar, pero ese término fue extendido hasta el 1 de diciembre de 2017, tras el paso del

huracán María. Razonó que, ante la clara letra de la Regla 4.3(c), infra, y las expresiones que hicimos en Bernier González v. Rodríguez Becerra, 200 DPR 637 (2018) el tribunal primario no tenía autoridad para conceder un plazo adicional de treinta días para emplazar por edictos. Por no estar de acuerdo con esta determinación, la señora Sánchez Ruiz presentó una moción de reconsideración la que fue denegada.

Insatisfecha, la señora Sánchez Ruiz acudió ante este Foro mediante una apelación, fundamentada en que existía un conflicto entre la sentencia recurrida y las dictadas en los casos Municipio de Culebra v. Sucn. Carmen Resto García, KLCE201801171 y Neiza Febles Lourido v. Gisela Pérez Maldonado, KLAN201800980. De estas, solo consideramos la segunda, por ser una sentencia dictada en un caso apelado ante ese foro. Véase, Artículo 3.002 (c) de la Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24s, y la Regla 18 (b)(1) del Reglamento del Tribunal Supremo, 4 LPRA XXI-B, R. 18 (b)(1). En dicho pleito, el foro intermedio resaltó que el término para emplazar por edictos comienza a transcurrir una vez se expiden los emplazamientos por edictos. Según la señora Sánchez Ruiz, la sentencia recurrida contraviene esa norma, porque el Tribunal de Apelaciones no tomó en consideración que ella solicitó oportunamente emplazar por edictos, que el Tribunal de Primera Instancia se demoró en expedir los emplazamientos y que ella emplazó solo dieciocho días después de estos

haberse expedido. A la señora Sánchez Ruiz le asiste la razón. Aceptada la apelación y sometidos los alegatos en los méritos, procedemos a resolver la controversia ante nos.

## II.

La Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, dispone que un tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción acortar un término si así se solicita antes de expirar el término originalmente prescrito. Sin embargo, hemos establecido que esta norma no aplica al término para diligenciar un emplazamiento, por lo que este no puede ser disminuido por un tribunal. Pietri González v. Tribunal Superior, 117 DPR 638, 640 (1986); Ortalaza v. F.S.E., 116 DPR 700, 703-704 (1985).

Las Reglas de Procedimiento Civil de Puerto Rico establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edictos. Rivera v. Jaume, 157 DPR 562, 575 (2002). Para que un tribunal "permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido —y lógicamente tener el juez ante sí— una declaración jurada con la expresión de las diligencias ya efectuadas". Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 23 (1993). La Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relacionado al emplazamiento por edictos. Esta dispone en lo pertinente que:

Regla 4.6. Emplazamiento por edictos y su publicación

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se **compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. (Énfasis nuestro).

La declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. Reyes v. Oriental Fed. Savs. Bank, supra, pág. 25. De este modo, se debe expresar las personas con quienes se investigó y su dirección. Global v. Salaam, 164 DPR 474, 482 (2005). Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". Íd., págs. 482-483. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder

localizarlo". Íd., pág. 483. En lo concerniente a este aspecto, el tratadista Cuevas Segarra explica:

> **La Regla 4.6 exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado,** o cuando estando fuera de Puerto Rico, se ignora su dirección y paradero. (Énfasis nuestro). J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., San Juan, P.R., Publicaciones JTS, 2011, pág. 356.

En este sentido, el Prof. Rafael Hernández Colón expone que:

> El emplazamiento por edicto exige el estricto cumplimiento de las normas que lo autorizan so pena de nulidad.
> Se efectuará de la siguiente forma:
> .   .   .   .   .   .   .   .
> (3) Se presentará entonces una moción para que se ordene que el demandado sea emplazado por edictos. Esta moción irá acompañada por una declaración jurada conocida como el afidávit de méritos donde se demostrará con datos específicos a satisfacción del tribunal que se han hecho las diligencias para emplazar personalmente al demandado y/o que se manifiesta uno de los casos previstos por la R. 4.6 y que existe una reclamación que justifica la concesión de un remedio contra la persona que ha de ser emplazada o que dicha persona es parte apropiada en el pleito.
> Hay otras maneras de demostrar estos hechos al tribunal. Por ejemplo, mediante la constancia jurada de la imposibilidad del diligenciamiento personal en el documento de emplazamiento y además jurando la demanda. La demanda ordinariamente no se jura, pero en caso de que haya que emplazar por edictos el demandante podría jurar su demanda a fines de demostrar al tribunal que tiene una buena y justa causa de acción para que ordene el emplazamiento por edictos. Al exponer que el demandado se encuentra fuera de Puerto Rico o que se oculta, es necesario explicar detalladamente de dónde surge el conocimiento del demandante sobre los hechos y hay que expresar con exactitud todas las gestiones que se hayan realizado para localizar al demandado. Es decir, no se pueden alegar conclusiones; hay que presentar los hechos que

llevan a esas conclusiones. R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico, Derecho Procesal Civil</u>, 6ta ed., San Juan, P.R., Ed. Lexis Nexis, 2017, págs. 269-270.

En cuanto al diligenciamiento, la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, requiere que el emplazamiento sea diligenciado dentro del término de ciento veinte días a partir de la presentación de la demanda **o de la fecha de expedición del emplazamiento por edicto**.

Con relación a este particular, las Reglas de Procedimiento Civil de 1979 introdujeron la Regla 4.3(b), 32 LPRA Ap. III, que establecía que el emplazamiento sería diligenciado en el término de seis meses de haber sido expedido. Secretariado de la Conferencia Judicial del Tribunal Supremo, <u>Reglas de Procedimiento Civil para el Tribunal General de Justicia de Puerto Rico</u>, Guaynabo, Ed. Art Printing Inc., 1979, pág. 7. En los comentarios de las reglas de 1979 se expresó que

> [c]on el propósito de acelerar la tramitación de los pleitos y de que las partes ejerzan la debida diligencia, se ha establecido el término de seis (6) meses **a partir de la fecha de la expedición del emplazamiento** para que el mismo sea diligenciado, disponiéndose, además, que dicho término podrá ser prorrogado a discreción del tribunal por un término razonable, si se demostrare justa causa para ello y se solicita dicha prórroga dentro del término original de seis (6) meses. Íd. (Énfasis nuestro).

Posteriormente, la Ley Núm. 17-2009 enmendó este inciso para que el término de seis meses fuera contado a partir de la fecha de la radicación de la demanda y no a partir de la expedición de los emplazamientos. Exposición de Motivos de

la Ley Núm. 17-2009. A esos efectos, se dispuso lo siguiente: "(b) [e]l emplazamiento será diligenciado en el término de seis (6) meses desde que se presenta la Demanda". Art. 1 de la Ley Núm. 17-2009.

Meses más tarde, la Ley Núm. 200-2009 derogó las Reglas de Procedimiento Civil de 1979 con la intención primordial de agilizar los procedimientos judiciales y garantizar un proceso justo, rápido y económico para todas las partes. Informe positivo sobre el P. de la C. 2249, Comisión de lo Jurídico de 11 de noviembre de 2009, 2da Sesión Ordinaria, 16ta Asamblea Legislativa, pág. 6. Como parte de los cambios que introdujeron las nuevas reglas se enmendó la Regla 4.3(c), supra, "para establecer el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto". Íd., pág. 9. Lo anterior se hizo "con el fin de agilizar el proceso judicial y evitar dilaciones injustificadas, además de equipararlo a lo dispuesto en las Reglas de Procedimiento Civil del Tribunal Federal". Íd.

Ahora bien, sobre el diligenciamiento del emplazamiento personal, recientemente resolvimos que el término de ciento veinte días para diligenciarlo es improrrogable. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018). Así, concluimos que para que comience a trascurrir el término, "es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal". Íd.,

pág. 650. Además, pautamos que el término para diligenciar los emplazamientos es improrrogable, y que el mismo comienza a transcurrir una vez la Secretaría del tribunal de instancia expide los emplazamientos. De igual forma, reiteramos el deber que tiene la Secretaría del tribunal de expedir los emplazamientos el mismo día en que se presenta la demanda, aunque al igual que señala la Regla 4.3 (c), supra, reconocimos que en ocasiones tal simultaneidad no se logra. Por último, puntualizamos que la mal denominada prórroga estatuida en la Regla 4.3 (c), supra, es realmente una solicitud por parte del demandante para que la Secretaría expida los emplazamientos en los casos en que exista un retraso irrazonable en la expedición de éstos. Lo anterior, con el propósito de que el demandante advierta al tribunal de tal retraso y evidencie que no se cruzó de brazos.

En resumen, señalamos que el término de 120 días establecido por la Regla 4.3(c), supra, es improrrogable y que el mismo comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra motu proprio o ante una solicitud de la parte demandante.

Sin embargo, en el caso de Bernier González v. Rodríguez Becerra, supra, no se discutió qué sucede con el término de ciento veinte días cuando el demandante solicita inicialmente emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar por edictos. Bajo

la antigua Regla 4.3(b), supra, establecimos que, cuando se solicita emplazar por edictos dentro del término de seis meses para diligenciar el emplazamiento personal, el término para diligenciar el emplazamiento por edicto se prorroga tácitamente, ya que se trata de un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda. Global v. Salaam, supra, págs. 478-479, 485-486. Hoy llegamos a la misma conclusión en cuanto a la Regla 4.3(c), supra. Con ello en mente, procedemos a resolver la controversia ante nos.

**III**

En el presente caso, la señora Sánchez Ruiz alega que la Regla 4.3(c), supra, establece dos términos distintos para que comience a transcurrir el término para emplazar, siendo uno de ellos la presentación de la demanda y el otro la fecha en que se expida el emplazamiento por edicto. Arguye que, en este caso, los emplazamientos por edictos se expidieron el 29 de diciembre de 2017, por lo que, conforme con la Regla 4.3(c), supra, tenía, a partir de esa fecha, ciento veinte días adicionales para diligenciar los emplazamientos por edictos. Por ello, sostiene que al diligenciar el aludido emplazamiento el 16 de enero de 2018 lo hizo dentro del término dispuesto por ley.

Por su parte, los demandados insisten en que la señora Sánchez Ruiz tenía para emplazar hasta el 1 de diciembre de 2017, por lo que emplazó fuera del término de los ciento

veinte días. En la alternativa, razonan que la señora Sánchez Ruiz tenía hasta el 10 de septiembre de 2017 para diligenciar los emplazamientos personales, pues el Tribunal de Primera Instancia acortó el término para diligenciarlos a sesenta días. También alegan que la señora Sánchez Ruiz no acreditó gestiones razonables que justificaran los emplazamientos por edictos. Finalmente, cuestionan la cuantía en daños y el porciento de responsabilidad otorgado por el Tribunal de Primera Instancia, pero esto lo plantearon por primera vez ante el Tribunal de Apelaciones. Es doctrina reiterada de la práctica apelativa que los tribunales se abstendrán de adjudicar cuestiones no planteadas ante el Tribunal de Primera Instancia, por lo que no tomaremos en consideración las alegaciones relacionadas con estos últimos dos aspectos. Trabal Morales v. Ruiz Rodríguez, 125 DPR 340, 351 (1990). Aclarado lo anterior, procedemos a resolver la controversia ante nos.

Surge del expediente que los emplazamientos personales se expidieron el 30 de junio de 2017. El Tribunal de Primera Instancia acortó el término para emplazar de ciento veinte días a sesenta días. Como mencionamos, un tribunal tiene la facultad de acortar términos, por justa causa, antes de expirar el término originalmente prescrito, pero hemos establecido que esta norma no aplica al término para diligenciar los emplazamientos. Conforme a lo anterior, la señora Sánchez Ruiz tenía hasta el 30 de octubre de 2017

para diligenciar los emplazamientos personales.[1] Ahora bien, dado al paso del huracán María, a modo de excepción, ese término se extendió hasta el 1 de diciembre de 2017, por lo que la señora Sánchez Ruiz tenía hasta esa fecha para diligenciar los referidos emplazamientos. Sin embargo, antes de que venciera el término para emplazar personalmente, la señora Sánchez Ruiz solicitó que se autorizara emplazar por edictos después de acreditar las diligencias que hizo para localizar a los demandados. Estas diligencias contenían hechos específicos que demostraron que la señora Sánchez Ruiz realizó gestiones efectivas para tratar de ubicar a los demandados y poder emplazarlos personalmente. Empero, estas gestiones resultaron infructuosas. Aun así, fueron suficientes para demostrar al Tribunal de Primera Instancia la imposibilidad de notificar personalmente a los demandados y para que el referido foro autorizara, el 15 de noviembre de 2017, los emplazamientos por edictos. Esa determinación se notificó el 29 de diciembre de 2017. En esa misma fecha se expidieron los emplazamientos por edictos, y la señora Sánchez Ruiz los diligenció el 16 de enero de 2018.

Conforme al Derecho previamente esbozado, la Regla 4.3(c), supra, dispone que el término para emplazar por edictos comienza a transcurrir cuando el tribunal lo expide. La parte demandante tiene que solicitar su expedición antes

---

[1] El término para diligenciar los emplazamientos personales vencía originalmente el sábado, 28 de octubre de 2017, por lo que la señora Sánchez Ruiz tenía hasta el próximo día laborable, es decir, hasta el lunes, 30 de octubre de 2017 para diligenciarlos.

de que se termine el término para diligenciar el emplazamiento personal. Así pues, una vez se intenta emplazar personalmente a un demandado sin éxito y se solicita dentro del plazo de ciento veinte días emplazarlo por edictos, tras acreditar las diligencias realizadas para citarlo personalmente, comienza a decursar un nuevo término improrrogable de ciento veinte días para emplazar por edictos, una vez se expida el correspondiente emplazamiento. Véase, Bernier González v. Rodríguez Becerra, supra, pág. 650. Como explicamos, esto se debe a que el emplazamiento por edicto constituye un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda. Resolver lo contrario constituiría acortar el término para diligenciar los emplazamientos por edictos, penalizar al demandante que actuó diligentemente dentro del plazo establecido por ley para diligenciar los emplazamientos personales e imponerle una carga no contemplada por las Reglas de Procedimiento Civil. Por tanto, la señora Sánchez Ruiz emplazó a los demandados dentro del término disponible para ello.

**IV.**

Por los fundamentos antes expuestos, se revoca la sentencia del Tribunal de Apelaciones y se reinstala la del Tribunal de Primera Instancia, Sala de Carolina.

Se emitirá sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Natasha Sánchez Ruiz

       Peticionaria

          v.                     AC-2019-0045

Gian H. Higuera Pérez, Agencia
de Publicidad 305 Group, LLC y
su Aseguradora Fulana de Tal y
su Aseguradora XYZ

       Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 10 de febrero de 2020.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se reinstala la del Tribunal de Primera Instancia, Sala de Carolina.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García concurre con el resultado por los mismos fundamentos contenidos en su Opinión Disidente en <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637 (2018).

José Ignacio Campos Pérez
Secretario del Tribunal Supremo