ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE ACE ONE FUNDING, LLC** <br> DEMANDANTE(S)-PETICIONARIA(S) <br><br><br> V. <br><br> **ALBA E. RÍOS DÍAZ** <br> DEMANDADA(S)-RECURRIDA(S) | **KLCE202301159** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2023CV07428 (603)** <br><br> Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos, juez ponente*

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 30 de octubre de 2023.

Comparece ante este Tribunal de Apelaciones, **ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE ACE ONE FUNDING, LLC** (**ISLAND PORTFOLIO**) mediante *Petición de Certiorari* incoada el 20 de octubre de 2023. En su recurso, nos solicita que revisemos la *Orden* dictada el 6 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1] Mediante dicho dictamen, entre otras cosas, el foro *a quo* le requirió a **ISLAND PORTFOLIO** "presentar una declaración jurada semanal (cada viernes) hasta que logre diligenciar el emplazamiento, detallando por cada día y hora, todas y cada una de las gestiones vigorosas y los esfuerzos realizados por el emplazador para razonablemente intentar hallar al demandado". Del mismo modo, advirtió "que la presentación de declaraciones juradas estereotipadas y/o el incumplimiento de esta orden podrá conllevar la imposición de sanciones".

_____

[1] Esta determinación judicial fue notificada y archivada en autos el 6 de octubre de 2023. Véase Apéndice de la *Petición de Certiorari*, pág. 52.

Número Identificador: SEN2023_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 3 de agosto de 2023, **ISLAND PORTFOLIO** entabló una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de las de Procedimiento Civil de 2009, contra la señora **ALBA E. RÍOS DÍAZ** (señora **RÍOS DÍAZ**).[2] En su reclamación, adujo que: la última dirección conocida de la señora **RÍOS DÍAZ** es: *205 Calle Las Palomas San Juan, PR 00912-4004*; es el tenedor y dueño de la cuenta número: 0103862439; y existe una deuda vencida, líquida y exigible. Expuso que, al 3 de julio de 2023, la señora **RÍOS DÍAZ** adeudaba la cuantía de $6,889.66. Añadió que, pese a sus requerimientos no ha podido lograr que se cumpla con la satisfacción de dicho pasivo.

Así las cosas, el 7 de agosto de 2023, se expidió *Notificación-Citación sobre Cobro de Dinero* dirigido a la señora **RÍOS DÍAZ** y pautando audiencia para el 12 de septiembre de 2023.[3] El 15 de agosto de 2023, **ISLAND PORTFOLIO** remitió por correo certificado con acuse de recibo la *Notificación-Citación sobre Cobro de Dinero* dirigido a la señora **RÍOS DÍAZ** a la dirección antes mencionada.[4] No obstante, la audiencia mediante videoconferencia pautada para el 12 de septiembre de 2023 no pudo celebrarse ante la falta de evidencia de haber citado a la señora **RÍOS DÍAZ**.[5] Ante esta situación, el foro primario le concedió a **ISLAND PORTFOLIO** un plazo de quince (15) días para informar el curso a seguir.

Días después, el 19 de septiembre de 2023, **ISLAND PORTFOLIO** presentó una *Moción para Diligenciar Nuevas Citaciones*.[6] Mediante el escrito, manifestó que del servicio postal surge de la notificación–citación remitida como "*Addresse Unknown*"; informó haber realizado gestiones y hallado otra dirección de la señora **RÍOS DÍAZ**. Al día siguiente, se emitió

---

[2] Véase Apéndice de la *Petición de Certiorari,* págs. 1- 2.
[3] *Íd.*, págs. 20- 22.
[4] *Íd.*, págs. 23- 26.
[5] *Íd.*, pág. 27.
[6] *Íd.*, págs. 28-31.

*Notificación-Citación sobre Cobro de Dinero* dirigido a la señora **RÍOS DÍAZ** y se pautó audiencia para el 10 de octubre de 2023.[7]

Seguidamente, el 25 de septiembre de 2023, **ISLAND PORTFOLIO** presentó una *Moción Informativa* en la cual se expresa: "dada la fecha que se expidió torna imposible diligenciar la misma al demandado, toda vez que incumple con los términos mínimos que requiere la Regla 60 [de] Procedimiento Civil".[8] Por ello, ese mismo día, el foro recurrido dictaminó *Orden* disponiendo: "Se concede 48 horas a la parte demandante para presentar un proyecto de emplazamiento para ser expedido por el tribunal, so pena de desestimar la demanda. El tribunal convierte el caso a procedimiento ordinario. Se ordena a secretaria realizar el cambio para fines estadísticos y administrativos de este caso a procedimiento ordinario. Se deja sin efecto la vista del 10 de octubre de 2023".[9]

El 27 de septiembre de 2023, **ISLAND PORTFOLIO** presentó su *Moción en Cumplimiento de Orden.*[10] En la misma fecha, se tramitó un *Emplazamiento* dirigido a la señora **RÍOS DÍAZ** y *Orden* expresando: "[..] De conformidad a la [R]egla 68.2 de Procedimiento Civil, se reduce el t[é]rmino para emplazar a 15 días, expirado dicho t[é]rmino de no acreditarse el emplazamiento diligenciado se podrá desestimar la demanda".[11]

El 5 de octubre de 2023, **ISLAND PORTFOLIO** presentó *Moción para Unirse a Representación Legal y en Reconsideración de Orden.*[12] El 6 de octubre de 2023, se decretó la *Orden* recurrida. Insatisfecho, el 13 de octubre de 2023, **ISLAND PORTFOLIO** presentó una *Reconsideración de Orden.*[13]

El día 16 de octubre de 2023, el tribunal recurrido intimó una *NHL Reconsiderar Orden.*[14] Mediante su determinación expresó:

> No ha lugar. En el ejercicio de la discreción reconocida al Tribunal, tenemos un deber ministerial de promover una solución justa, rápida, económica del caso de acuerdo a la complejidad del caso y que se demuestren los intentos

---

[7] Véase Apéndice de la *Petición de Certiorari*, págs. 32- 34.
[8] *Íd.*, pág. 36.
[9] *Íd.*, págs. 37- 38.
[10] *Íd.*, págs. 39- 42.
[11] *Íd.*, págs. 43- 45 y 47- 48.
[12] *Íd.*, págs. 49- 51.
[13] *Íd.*, págs. 53- 55.
[14] *Íd.*, pág. 56.

realizados por el emplazador para perfeccionar el emplazamiento personal conforme a Derecho. En consecuencia, se concede 5 días a la parte demandante para mostrar causa por la cual no deban impon[e]rse sanciones y/o desacato ante incumplimiento con la orden [15], por no acreditar las gestiones efectivas realizadas por el emplazador, conforme a la información y los recursos a su disposición, conducentes a localizar a la parte demandada para entregarle personalmente copia de la demanda instada en su contra y del emplazamiento.

Inconforme, el 20 de octubre de 2023, **ISLAND PORTFOLIO** instó ante este Tribunal de Apelaciones una *Petición de Certiorari*. En su escrito, señala el(los) siguiente(s) error(es):

Primer Error: Incidió el Honorable Tribunal de Primera Instancia y abusó de su discreción al [o]rdenar a la parte demandante-recurrente a cumplir con unos requisitos extremadamente onerosos para emplazar a un demandado, excediendo -por mucho- lo preceptuado en las Reglas de Procedimiento Civil, 32 LPRA, Ap. V, sobre el diligenciamiento del emplazamiento, así como su Regla 1, de resolver las controversias de forma justa, rápida y económica.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Evaluado concienzudamente el expediente del caso; nos encontramos en posición de resolver. Detallamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

- II -

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[15] Por ello, la determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial.[16]

---

[15] *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65; 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[16] *Íd.*

De ordinario, la discreción consiste en; "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[17] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[18]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[19] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[20]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:[21]

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[22]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[23] Para ello, la Regla 40 de

---

[17] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[18] *Íd.*
[19] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, supra.
[20] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[21] 4 LPRA Ap. XXII – B; *IG Builders v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[22] 4 LPRA Ap. XXII-B, R. 40. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[23] *McNeil Healthcare v. Mun. Las Piedras I*, supra, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A)     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, **son contrarios a derecho;**
(B)     Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C)     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D)     Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E)     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F)     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[24]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[25] Esto es, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[26] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[27] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[28]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[29] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

---

[24] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez*, supra; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[25] *García Morales v. Padró Hernández*, 165 DPR 324, 335 (2005).
[26] *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).
[27] *Feliberty Padró v. Pizarro Rohena*, 147 DPR 834, 837 (1999).
[28] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486 – 487 (2019); *Mun. Caguas v. JRO Construction*, supra.
[29] *García Rubiera v. Asociación de Suscripción Conjunta*, 165 DPR 311, 322 (2005).

sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[30]

**- B -**

El propósito o finalidad principal de la Regla 60 de las de Procedimiento Civil de 2009 siempre ha sido: "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para de esa manera lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación".[31] Así pues, el referido estatuto, instituye un proceso sumario para reclamaciones en cobro de dinero que no excedan los quince mil dólares ($15,000.00), excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario.[32]

En lo pertinente, la Regla 60 dispone que:

[…]
[l]a parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado. La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero **nunca antes de quince (15) días** de la notificación a la parte demandada.
[…]
Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario. […][33]

Cónsono con lo anterior, a este trámite expedito sobre cobro de dinero le puede ser aplicables las Reglas de Procedimiento Civil de 2009 respecto a un procedimiento ordinario, pero de manera supletoria, en tanto

---

[30] *Lluch v. España Service Station*, 117 DPR 729, 745 (1986).
[31] *Asoc. Res. Colinas Metro v. SLG*, 156 DPR 88, 98 (2002).
[32] 32 LPRA Ap. V, R. 60; *Cooperativa v. Hernández Hernández*, 205 DPR 624, 633 (2020).
[33] 32 LPRA Ap. V, R. 60. (Énfasis nuestro).

y en cuanto éstas sean compatibles con el procedimiento sumario dispuesto en dicha regla.[34]

Por ende, es preciso señalar que la responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante.[35] Es decir, tan pronto la secretaría del foro primario reciba el proyecto de notificación-citación, y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento.[36]

En ese sentido, el emplazamiento es un mecanismo procesal que tiene como propósito notificar a la parte demandada sobre la existencia de una reclamación incoada en su contra y es mediante este mecanismo que el tribunal adquiere jurisdicción sobre la persona de dicha parte.[37]

Conforme a ello, la Regla 4.3(c) de las de Procedimiento Civil de 2009 expresa lo siguiente:

> El emplazamiento será diligenciado en el término de **ciento veinte (120) días** a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que se demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[38]

En lo que atañe a solicitar que el pleito continúe ventilándose por el procedimiento ordinario, es importante destacar que, el reconocimiento de este derecho a las partes no implica que automáticamente la conversión

---

[34] *Cooperativa v. Hernández Hernández*, *supra*; *Asoc. Res. Colinas Metro. v. SLG, supra,* pág. 98.

[35] *Cooperativa v. Hernández Hernández*, *supra*, pág. 634.

[36] *Íd.,* págs. 634- 635. Nótese que independientemente la opción que la parte demandante escoja ya sea trámite expedito o procedimiento ordinario **lo transcendental** es que la notificación–citación sea diligenciada, dentro de los diez (10) días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible. Véase *Asoc. Res. Colinas Metro v. SLG*, *supra*, pág. 98. (énfasis nuestro).

[37] *Martajeva v. Ferré Morris y otros*, 210 DPR 612 (2022); *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 476 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018).

[38] 32 LPRA Ap. V, R. 4.3(c) (Énfasis nuestro).

deba ser concedida, sino que el foro inferior deberá sopesar los méritos de la solicitud.[39] A la luz de ello, las instancias por las cuales un litigio al amparo de la Regla 60 de las de Procedimiento Civil de 2009, debe o puede convertirse al procedimiento ordinario son: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor.[40]

De igual manera, el profesor Rafael Hernández Colón en su obra jurídica comentó que "[l]a mejor práctica debe ser presentar el proyecto de notificación–citación [juntamente] con la demanda, [tal y como] lo exige la [Regla] 4.1 de Procedimiento Civil". Agregó que, el estatuto no provee para la desestimación por incumplimiento con el término del diligenciamiento. A esos efectos, añadió:[41]

> [D]ebe tenerse presente que ello puede conllevar que el tribunal imponga sanciones y que traslade el caso al procedimiento ordinario. En este último supuesto, el tribunal debe ordenarle al demandante que presente en Secretaría los correspondientes emplazamientos, en caso de incumplimiento, procedería la desestimación automática conforme con la R. 4.3(c) [de Procedimiento Civil].

Asimismo, explicó que: "el término para diligenciar el emplazamiento **comenzaría desde que el tribunal emite la orden de que el caso se tramite bajo el procedimiento ordinario y no desde que se presentó la demanda**".[42]

Nuestro Máximo Foro ha expresado que por la severidad que conlleva la desestimación, y el término breve de este mecanismo sumario, transcurridos los diez (10) días sin que la parte demandante haya diligenciado la notificación-citación a la parte demandada, no procede

---

[39] *Cooperativa v. Hernández Hernández*, *supra*, pág. 637.
[40] *Íd.*, págs. 637-638.
[41] R. Hernández Colón*, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6. ed., San Juan, Ed. Lexis Nexis, 2017, págs. 627– 628.
[42] *Íd.*, pág. 628. (énfasis nuestro).

obligatoriamente la desestimación al amparo de la Regla 4.3(c) de las de Procedimiento Civil de 2009.[43]

El Tribunal Supremo puntualizó que:

[S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.[44]

Por otro lado, en el caso que nos ocupa, resulta indispensable analizar la Regla 68.2 de las de Procedimiento Civil de 2009.[45] El citado estatuto procesal instaura que un tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, acortar un término si así se solicita antes que expire el término originalmente prescrito.[46] Sin embargo, **esa normativa no es de aplicabilidad al término para diligenciar un emplazamiento**, por lo que, este no puede ser disminuido por un tribunal.[47] En otras palabras, cuando la parte demandante no pueda emplazar personalmente a la parte demandada dentro del plazo improrrogable de ciento veinte (120) días, **antes** del vencimiento de este término, estos tienen la oportunidad de presentar una declaración jurada a los efectos de acreditar las diligencias realizadas para emplazar a la parte demandada personalmente y no tuvo éxito.[48] Es en ese preciso momento, que la Regla 4.6 de las de Procedimiento Civil de 2009, prescribe que cuando la persona que será emplazada esté fuera de Puerto Rico o estando en Puerto Rico no pudo ser localizada después de haberse realizado las diligencias pertinentes, el tribunal podrá dictar una orden para que la parte demandante diligencie un emplazamiento por edicto.[49] Tal

---

[43] *Cooperativa v. Hernández Hernández*, *supra*, págs. 639 – 640.
[44] *Íd.*, pág. 641.
[45] 32 LPRA Ap. V, R. 68.2.
[46] *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982 (2020).
[47] *Íd.*, pág. 987. Véase, además, *Pietri González v. Tribunal Superior*, 117 DPR 638, 640 (1986).
[48] La declaración jurada sirve de mecanismo para acreditar las diligencias realizadas para citar a una parte demandada personalmente. Esta debe exponer hechos específicos y no meras conclusiones o generalidades. Véase *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, pág. 983.
[49] 32 LPRA, Ap. V. R. 4.6. *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, págs. 988- 989.

determinación no dependerá de un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se efectúe mediante edicto.[50]

**- III -**

En su único señalamiento de error, **ISLAND PORTFOLIO** expuso que el tribunal de instancia erró y extralimitó su discreción al imponer como requisito, la presentación de una declaración jurada todos los viernes hasta lograr el emplazamiento de la señora **RÍOS DÍAZ**. Fundamentó su posición en que de conformidad a la Regla 4.3 de las de Procedimiento Civil de 2009, no procede limitar el derecho que le asiste de diligenciar un emplazamiento dentro de los ciento veinte (120) días, exigiendo la presentación de una declaración jurada todas las semanas para dar constancia de los trámites o gestiones que se están llevando a cabo para lograr el emplazamiento de la señora **RÍOS DÍAZ**, so pena de sanciones y/o desacato. Específicamente, argumentó que tal condición conlleva una carga excesiva y económicamente onerosa. Le asiste la razón.

Luego de varios incidentes judiciales, el foro recurrido *motu proprio* determinó convertir el caso de autos en uno de procedimiento ordinario, al cual le es aplicable un nuevo término de ciento veinte (120) días para el diligenciamiento del emplazamiento en conformidad a la Regla 4.3 (C) de las de Procedimiento Civil de 2009. Empero, en el ejercicio de su discreción, le impuso a **ISLAND PORTFOLIO** la condición de presentar todos los viernes una declaración jurada a los efectos de acreditar todas las gestiones o los trámites dirigidos a lograr el emplazamiento personal de la señora **RÍOS DÍAZ**. Tal proceder, por parte del foro de instancia es irrazonable y es contrario a nuestro ordenamiento jurídico.

Esto es, al convertirse el caso en uno de procedimiento ordinario, el término de ciento veinte (120) días para diligenciar el emplazamiento comenzó a transcurrir desde que el tribunal emitió su *Orden* convirtiendo el caso en uno de trámite ordinario y no desde que se presentó la *Demanda* bajo la Regla 60 de las de Procedimiento Civil de 2009.

---

[50] *Íd.*

Precisamente, la jurisprudencia interpretativa dilucida que las prórrogas o reducción de términos establecidos en la Regla 68.2 de las de Procedimiento Civil de 2009, aunque pueden ser consideradas *motu proprio* por el tribunal, **no son de aplicabilidad al término ordinario de ciento veinte (120) días para diligenciar un emplazamiento**.[51] En ese periodo de ciento veinte (120) días, un tribunal carece de facultad para imponer condiciones o incluso sancionar a la parte que le corresponde diligenciar el emplazamiento.[52] Ante ello, el tribunal primario incidió al imponerle como condición a **ISLAND PORTFOLIO**, la presentación semanal de una declaración jurada.

**- IV -**

En mérito de lo anterior y al amparo de los términos de la Regla 40 del Tribunal de Apelaciones, *expedimos* el auto de *certiorari* instado el 20 de octubre de 2023 por **ISLAND PORTFOLIO**; se revoca la *Orden sobre Emplazamiento* intimada el 6 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en cuanto al requerimiento de una declaración jurada semanal; se deja sin efecto la paralización de los procedimientos dispuesto mediante *Resolución* dictaminada el 20 de octubre de 2023; y se devuelve el caso a la consideración del foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Al amparo de la **Regla 35 (A)(1) de nuestro Reglamento,** el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[53]

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Juez Lebrón Nieves concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[51] *Sánchez Ruiz v. Higueras Pérez, et al., supra*, pág. 987. Véase, además *Pietri González v. Tribunal Superior*, 117 DPR 638, 640 (1986). (énfasis nuestro).
[52] *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021).
[53] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.